John McDonald and Christina L. McDonald sued H S Homes, L.L.C., and its agents, Linda Wilson Williams and Russ D'Olympio ("the defendants"),[1] alleging fraud, suppression, deceit, conversion, negligence, and wantonness relating to the McDonalds' purchase of a new mobile home from H S Homes. The defendants moved to compel arbitration of the McDonalds' claims. The purchase contract for the mobile home required that disputes arising out of the sale of the mobile home be resolved by arbitration. John was only 17 years old when he entered into the purchase contract, and he subsequently disavowed the contract based upon his status as a minor. The trial court granted the motion to compel arbitration of Christina's claims, but it denied the motion as to John's claims. The defendants appealed, and this Court affirmed the trial court's order. H S Homes, L.L.C. v.McDonald, 823 So.2d 627 (Ala. 2001).
Christina signed two arbitration agreements in connection with her and John's purchase of the mobile home from H S Homes. After this Court affirmed the trial court's order compelling arbitration of Christina's claims, Christina and the assignee/finance company selected an arbitrator in accordance with one of the agreements; however, the trial court set aside their selection and ordered the parties to select an arbitrator in accordance with the rules of the American Arbitration Association ("the AAA"). Christina appealed from that order. On appeal, this Court reversed the judgment of the trial court; it held that the two arbitration agreements must be read together and construed as one document and that Christina had properly selected an arbitrator by the method provided for in those agreements. McDonald v. H S Homes, L.L.C., 853 So.2d 920,924-25 (Ala. 2003).
After a two-day arbitration hearing, the arbitrator awarded Christina $500,000. H S Homes appealed. We affirm.
Christina contends that this appeal is due to be dismissed because H S Homes did not challenge the arbitration award through a motion to vacate the arbitration award pursuant to9 U.S.C. § 12 before it filed its appeal to this Court. However, such a motion is not required before an arbitration award can be appealed in Alabama. See Ala. Code 1975, § 6-6-15 ("Either partymay appeal from an award under this division. Notice of the *Page 81 
appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk . . . of the circuit court where the action is pending. . . ."). H S Homes filed its notice of appeal within 10 days after it received notice of the award. The notice of appeal filed by H S Homes became effective when the judgment on the arbitrator's award was entered; it was thus timely filed.Birmingham News Co. v. Horn, 901 So.2d 27, 42 (Ala. 2004).
Christina, in the conclusion of her brief to this Court, contends that H S Homes insisted that she sign an arbitration agreement as a condition of buying a mobile home and required her to arbitrate after she sued H S Homes and its agents. She argues that because that arbitration was conducted pursuant to the rules H S Homes chose and by an arbitrator chosen in accordance with those rules, H S Homes must live with the award entered by the arbitrator. In support of this argument, she citesStark v. Sandberg, Phoenix von Gontard, P.C., 381 F.3d 793,803 (8th Cir. 2004):
 "`Although this result may seem draconian, the rules of law limiting judicial review and the judicial process in the arbitration context are well established and the parties . . . can be presumed to have been well versed in the consequences of their decision to resolve their disputes in this manner.' Moreover, `[a]rbitration is not a perfect system of justice, nor it is [sic] designed to be.' Rather, it `is designed primarily to avoid the complex, time-consuming and costly alternative of litigation.'
 "`In the arbitration setting we have almost none of the protections that fundamental fairness and due process require for the imposition of this form of punishment. Discovery is abbreviated if available at all. The rules of evidence are employed, if at all, in a very relaxed manner. The factfinders . . . operate with almost none of the controls and safeguards [present in traditional litigation].'
 "Here, [the party moving to compel arbitration] chose to resolve this `dispute quickly and efficiently through arbitration.' Indeed, it was [that party] that insisted on removing the matter to arbitration. In so doing, [the party moving to compel arbitration] `got exactly what it bargained for.' `Having entered such a contract, [that party] must subsequently abide by the rules to which it agreed.'"
(Citations omitted.)
H S Homes presents four issues for our review:
 "I. Whether the arbitrator's failure to give reasons for the award is a manifest disregard of the law.
 "II. Whether the arbitrator manifestly disregarded well-established law that a principal cannot be liable for the acts of its servant absent a judgment against the servant.
 "III. Whether the arbitrator manifestly disregarded Alabama law with respect to the elements of fraud.
 "IV. Whether the arbitrator manifestly disregarded the law with regard to punitive damages."
This Court did recognize "manifest disregard of the law" by an arbitrator as a ground for reversing an arbitrator's award in the landmark decision, authored by Justice Harwood, Birmingham NewsCo. v. Horn, supra. The standard for determining whether there has been a manifest disregard of the law was set out in that opinion as follows:
 "[A] party seeking to vacate an arbitration award on the basis of manifest disregard of the law must establish that `(1) *Page 82 
the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'"
901 So.2d 52 at (quoting Halligan v. Piper Jaffray, Inc.,148 F.3d 197, 202 (2d Cir. 1998); footnote omitted).
 I. Whether the arbitrator's failure to give reasons for the award constituted a manifest disregard of the law.
The written award of the arbitrator in this case provides:
 "Based upon the testimony and documents presented at the hearing as well as the written arguments and briefs, the arbitrator concludes that [Christina] is entitled to an award against [H S Homes]."
The stand-alone arbitration agreement dated January 28, 2000, that Christina signed is silent as to whether the arbitrator has to make a written award or to give reasons for the award made. The arbitration provision in the retail installment contract also dated January 28, 2000, and signed by Christina is ambiguous. It provides that "[t]he Commercial Rules of the American Arbitration Association (`AAA') also shall apply."
Rule 55 of the Commercial Rules of the AAA provides:
 "Any award shall be in writing and signed by a majority of the arbitrators. . . .
 "The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate."[2]
(Emphasis added.)
Attached to Christina's brief to this Court is "A Guide for Commercial Arbitrators" issued by the AAA. On page 11, the following appears:
 "Commercial arbitrators are not required to explain the reasons for their decisions. As a general rule, the award consists of a brief direction to the parties on a single sheet of paper. One reason for brevity is that written opinions might open avenues for attack on the award by the losing party.
 "Courts will not review arbitrator's decisions of the merits of the case, even where the conclusions are different from those that a court might reach. But a carelessly expressed thought in a written opinion could afford an opportunity to delay enforcement of the award. The obligations to the parties are better fulfilled when the award leaves no room for attack. . . ."
Another sentence in the arbitration provision of the retail installment contract, which is signed by H S Homes and Christina, provides: "The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final."
The noun "reason" is not defined in Black's Law Dictionary
(8th ed. 2004). The first definition given for the noun "reason" in The American Heritage Dictionary of the English Language
1457 (4th ed. 2000) is "[t]he basis or motive for an action, decision, or conviction."
Even if the conflicting provisions in the retail installment contract could be reconciled to require the arbitrator to include a *Page 83 
statement of the reasons for the award, there is no evidence indicating that the arbitrator knew that his written award, which he wrote "[b]ased upon the testimony and documents presented at the hearing as well as the written arguments and briefs," did not constitute a "statement of reason, the basis or motive for [his] action, decision, or conviction." H S Homes wants this Court to define "a statement of reasons for the award" as an award including findings of fact and conclusions of law, which is what H S Homes asked the arbitrator to do after the award was made. This we will not do.
There is no proof that there has been a manifest disregard of the law, as that term was defined in Birmingham News Co. v.Horn, supra, in regard to this issue.
 II. Whether the arbitrator manifestly disregarded the law that a principal cannot be liable for the acts of the servant absent a judgment against the servant.
In asserting this argument, H S Homes paints with too broad a brush. Linda Wilson Williams and Russ D'Olympio were initially defendants in this action. They were dismissed as parties; H S Homes knew that they had been dismissed. The record reveals that the lawyer for H S Homes asked Christina's lawyer: "And you have dismissed Russ and you have dismissed Linda." To which Christina's lawyer responded: "Yes."
Also, the following appears in the affidavit of the arbitrator:
 "I specifically recall . . . one of [Christina's] counsel making oral motion to dismiss Russ D'Olympio and Linda Wilson (Williams) without prejudice from the case. I granted the motion and the case proceeded on to its conclusion against defendant H S Homes, L.L.C. When I entered the award against only H S, it was based on the fact that Russ D'Olympio and Linda Wilson (Williams) had previously been dismissed without prejudice."
U.S.A. Petroleum Corp. v. Hines, 770 So.2d 589 (Ala. 1999), is dispositive of this issue. Under the holding of that case the arbitrator here not only did not manifestly disregard the law, but he also applied the correct law appropriately.
 III. Whether the arbitrator manifestly disregarded the law with respect to the elements of fraud.
The arbitration award provided, in pertinent part:
 "Based upon the testimony and documents presented at the hearing as well as the written arguments and briefs, the Arbitrator concludes that [Christina] is entitled to an award against [H S Homes]. Accordingly, the undersigned arbitrator, having been designated in accordance with rulings by the Alabama Supreme Court and Circuit Court of Montgomery, Alabama, AWARDS as follows:
 "The Respondent, H S Homes, L.L.C. shall pay to [Christina] $500,000.00. . . .
 "This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are, hereby denied."
In Birmingham News, 901 So.2d at 50, this Court, joining the majority of State appellate courts that recognize "manifest disregard of the law" as a ground available for reviewing an arbitration award, wrote:
 "As have all other courts, State and Federal, that have recognized this ground, however, we emphasize that judicial review under it is severely limited and that the party challenging an award on the ground bears a heavy burden. . . . [A]n arbitration award should be vacated *Page 84 
only if the arbitrators knew of a well-defined and explicit governing legal principle, clearly applicable to the circumstances at hand, yet chose to ignore that principle or refused to apply it."
In her complaint, Christina alleges not only fraud but also suppression, deceit, conversion, negligence, and wantonness. No issue is made that the arbitrator knew of the governing legal principle as it relates to suppression, deceit, conversion, negligence, or wantonness, yet refused to apply it or ignored it altogether. From reviewing the record, which an appellate court should not have to do when a party is seeking to vacate an arbitration award on the basis of manifest disregard of the law, this Court is satisfied that evidence was presented in arbitration as to each of those causes of action so that awarding damages for those causes of action was not a manifest disregard of the law.
There is clear and convincing evidence that an agent of H S Homes converted the down payment made by the McDonalds and the furniture in the mobile home, which came as standard equipment with the mobile home, and that H S Homes concealed from Christina the fact that although $3,000 had been added to the price of the mobile home as a furniture allowance, Christina received only $2,000 as furniture allowance. When these and other "problems" were presented to the vice president of H S Homes in an attempt to rectify the problems, the vice president asked if Christina knew about these problems. When told that she did not, he stated "what the customer doesn't know won't hurt them."
H S Homes takes two of many instances of misrepresentations constituting fraud and contends that Christina could not have reasonably relied upon those misrepresentations because, it argues, she could have ascertained the truth by reading the documents that she signed in their entirety. H S Homes proves that the arbitrator knew the reasonable-reliance aspect of the law of fraud by citing his comment: "[T]he law says, at least the latest law I am aware of, that you are deemed to know and understand what you signed. The fact that it is done quick or with marks a lot doesn't bother me." However, the mere fact that the arbitrator found for Christina based on the evidence of wrongdoing by H S Homes that was before him does not mean that he ignored the reasonable-reliance aspect of the law of fraud in making his award "[b]ased upon the testimony and documents presented at the hearing as well as written arguments and briefs. . . ."
This issue is without merit.
 IV. Whether the arbitrator manifestly disregarded the law with regard to punitive-damages awards.
The arbitrator's award provided: "The Respondent H S Homes L.L.C. shall pay to the Claimant [Christina] $500,000.00." It does not specify whether those damages are compensatory or punitive or both.
In her complaint, Christina sought damages for lost moneys, loss of use of money, and mental anguish, anxiety, and emotional distress; she sought both compensatory and punitive damages. H 
S Homes does not challenge the amounts awarded Christina for lost moneys, loss of use of money, mental anguish, anxiety, and emotional distress, apart from arguing that it has no liability at all based on fraud.
This Court cannot determine how much of the arbitrator's award of $500,000 was for compensatory damages, including damages for mental anguish. Therefore, this Court cannot hold that the arbitrator showed a manifest disregard of the law in *Page 85 
awarding punitive damages. Birmingham News Co. v. Horn,901 So.2d at 67-68.
When parties elect arbitration, they elect a procedure designed primarily to avoid the complex, time-consuming, and costly alternative of litigation. Arbitration is not a perfect system of justice — discovery is abbreviated, the rules of evidence are relaxed, and the arbitrator, as fact-finder, operates with almost none of the controls and safeguards present in traditional litigation. Stark v. Sandberg, Phoenix von Gontard, supra. H S Homes has not shown that in determining the amount of the award in this case the arbitrator manifestly disregarded the law. The award is affirmed.
AFFIRMED.
NABERS, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.
[1] Linda Wilson Williams and Russ D'Olympio were dismissed as defendants at some point in the underlying proceedings in this case.
[2] After the award was made, H S Homes asked the arbitrator to "amend the award and thereby clarify said award by setting forth and including findings of fact and conclusions of law." The arbitrator summarily denied this motion.