Eddie Chambers appeals from an arbitrator's award dismissing, with prejudice, Chambers's claim for damages against Courtesy Pontiac-GMC Trucks, Inc. ("Courtesy Pontiac"). Because we conclude that Chambers's appeal is untimely, we dismiss the appeal.
On March 1, 2002, Chambers sued Courtesy Pontiac, alleging that Courtesy Pontiac had sold him a defective automobile. Courtesy Pontiac moved to compel arbitration of Chambers's claim pursuant to the *Page 168 
arbitration provision in the automobile sales contract entered into by the parties. The trial court subsequently entered an order granting the motion to compel arbitration, and Chambers appealed that order to this court. On August 26, 2003, this court issued an order dismissing Chambers's appeal as being untimely filed.
Chambers's claim against Courtesy Pontiac proceeded to arbitration. On February 8, 2006, the arbitrator convened an arbitration hearing at which neither Chambers nor his attorney appeared. On February 22, 2006, the arbitrator dismissed Chambers's claim, with prejudice. On March 6, 2006, Chambers moved the trial court to order further arbitration proceedings. Chambers's motion asserted that the arbitrator had failed to notify either Chambers or his attorney of the arbitration hearing held on February 8, 2006. On June 1, 2006, Courtesy Pontiac filed a "motion to dismiss." On June 27, 2006, the trial court granted Courtesy Pontiac's motion and entered a judgment in its favor. In its judgment, the trial court stated that Chambers's proper remedy upon receiving notice of the arbitrator's award appeared to be an appeal to the appropriate appellate court, pursuant to § 6-6-15, Ala. Code 1975.
On August 7, 2006, Chambers filed a notice of appeal to this court. However, this court concluded that it lacked jurisdiction and, consequently, transferred the appeal to the supreme court. The supreme court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Courtesy Pontiac contends that Chambers's appeal is not timely. We agree. Section 6-6-15, Ala. Code 1975, a part of the Alabama Arbitration Act, § 6-6-1 et seq., Ala. Code 1975, provides:
 "Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the [judgment] of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14[, Ala. Code 1975], the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final [judgment] from which an appeal shall lie as in other cases."
The arbitrator dismissed Chambers's claim, with prejudice, on February 22, 2006. Pursuant to § 6-6-15, Chambers had 10 days after receiving notice of the arbitrator's award dismissing the claim in which to file his appeal. Although the record on appeal does not indicate when Chambers received notice of the arbitrator's award, he had to have received notice no later than March 6, 2006, the date Chambers filed a motion challenging that award. Chambers did not file his notice of appeal until August 7, 2006, well after the expiration of the 10-day period specified under § 6-6-15 for filing an appeal from an arbitrator's award. Therefore, pursuant to the plain language of § 6-6-15, Chambers's appeal is untimely.
We recognize that Rule 4(a)(1), Ala. R.App. P., provides: *Page 169 
 "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ."
In Birmingham News Co. v. Horn, 901 So.2d 27, 42
(Ala. 2004), our supreme court noted that "Appendix II ('Statutes and Rules Superseded') and Appendix III ('Statutes Modified') to the Rules of Appellate Procedure do not list § 6-6-15 as among those statutes which have been superseded or modified by those rules." The Supreme Court in Horn
did not conclude that Rule 4(a)(1) extended from 10 days to 42 days the period for filing an appeal from an arbitration award under § 6-6-15. However, even if Rule 4(a)(1) does extend the period for filing such an appeal, we note that Chambers failed to file his appeal within 42 days of his receiving notice of the arbitrator's award.
Because Chambers did not timely file his appeal pursuant to the filing requirements of § 6-6-15, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.