999 So.2d 462 (2008)
HORTON HOMES, INC.
v.
William SHANER
H & S Homes, L.L.C.
v.
William Shaner.
1061659 and 1061741.
Supreme Court of Alabama.
June 20, 2008.
*463 Sydney F. Frazier, Jr., of Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP, Birmingham, for appellant Horton Homes, Inc.
Jon M. Hughes of Kee & Selby, LLP, Birmingham; and Steven J. Kyle of Bovis, Kyle & Burch, LLC, Atlanta, Georgia, for appellant H&S Homes, L.L.C.
Michael S. Harper, Tallassee; and Frank H. Hawthorne, Jr., of Hawthorne & Myers, LLC, Montgomery, for appellee.
PER CURIAM.
William Shaner initiated arbitration proceedings against H&S Homes, L.L.C., and Horton Homes, Inc., after a dispute arose regarding Shaner's purchase from the H&S Homes sales center in Montgomery of a mobile home manufactured by Horton Homes. An arbitration hearing was conducted on June 5, 2007, and, on July 6, 2007, the arbitrator issued a decision in favor of Shaner, awarding him $487,500. Shaner then submitted that award to the Montgomery Circuit Court, and, on July 10, 2007, the clerk of that court entered a judgment on the award. On August 17, 2007, H&S Homes and Horton Homes filed separate notices of appeal to this Court. We have consolidated those appeals for the purpose of writing *464 one opinion. For the reasons that follow, we remand the cause to the circuit court.

I.
As we have previously noted, "the procedure for obtaining jurisdiction to review an arbitration award under § 6-6-15, Ala. Code 1975, is far from clear." Jenks v. Harris, 990 So.2d 878, 882 (Ala.2008) (footnote omitted) (quoting order of this Court dismissing Jenks's earlier appeals). We now write specifically to address two aspects of that procedure, namely: (1) the time period for filing an appeal of an arbitration award, and (2) the role of the circuit court in reviewing that arbitration award.
We first note that no party has questioned the timeliness of the notices of appeal filed by H & S Homes and Horton Homes. However, we are nevertheless empowered to consider the issue because "[t]he time limit prescribed for taking an appeal is jurisdictional" and, if a notice of appeal is untimely, this Court is without jurisdiction to review the judgment from which the appeal is taken. Greystone Close v. Fidelity & Guar. Ins. Co., 664 So.2d 900, 902-03 (Ala.1995). Both H & S Homes and Horton Homes state that their appeals are brought pursuant to § 6-6-15, Ala.Code 1975, and Rule 4, Ala. R.App. P. Section 6-6-15 provides:
"Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgement of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement [sic] from which an appeal shall lie as in other cases."
(Emphasis added.) Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from...."
H & S Homes and Horton Homes filed their separate notices of appeal on August 17, 2007, 42 days after the arbitrator entered his award in favor of Shaner, but presumably not within 10 days after they received notice of that award. It is apparent from the citations to Birmingham News Co. v. Horn, 901 So.2d 27 (Ala.2004), and Sanderson Group, Inc. v. Smith, 809 So.2d 823 (Ala.Civ.App.2001), in the statements of jurisdiction in their respective briefs that H & S Homes and Horton Homes timed the filing of their notices of appeals on the belief that § 6-6-15, Ala. Code 1975, was modified by Rule 4, Ala. R.App. P., to allow 42 days for filing an appeal from an arbitration award. See Sanderson Group, 809 So.2d at 827 ("Although § 6-6-15 requires that an appeal be taken within 10 days, Rule 4 expanded *465 that period to 42 days."). In Birmingham News, this Court discussed, but did not explicitly affirm, the Court of Civil Appeals' analysis of § 6-6-15 and Rule 4 in Sanderson Group, stating:
"In that case, the Court of Civil Appeals considered the timeliness of an appeal from an arbitration award that had been filed within 42 days of the entry of the final judgment on the award but not within 10 days of the entry of the final judgment. The Court of Civil Appeals determined that the effect of the 42-day appeal period allowed by Rule 4, Ala. R.App. P., was to expand the 10-day period specified under § 6-6-15, so that the appeal in that case was timely filed."
901 So.2d at 41. However, we also stated in Birmingham News that "[w]e note further that Appendix II ('Statutes and Rules Superseded') and Appendix III ('Statutes Modified') to the Rules of Appellate Procedure do not list § 6-6-15 as among those statutes which have been superseded or modified by those rules." 901 So.2d at 42. This statement was misleading, however, as Appendix III ("Statutes Modified") does include the predecessor to § 6-6-15Tit. 7, § 843, Code of Ala.1940as being among those statutes that were modified by Rule 4(a) to expand the time for taking an appeal from 10 to 42 days. Nevertheless, based at least in part on Birmingham News, the Court of Civil Appeals subsequently issued an opinion holding that an appeal of an arbitration award was untimely if the notice of appeal was not filed within the 10-day period specified by § 6-6-15:
"The arbitrator dismissed [the appellant's] claim, with prejudice, on February 22, 2006. Pursuant to § 6-6-15, [the appellant] had 10 days after receiving notice of the arbitrator's award dismissing the claim in which to file his appeal. Although the record on appeal does not indicate when [the appellant] received notice of the arbitrator's award, he had to have received notice no later than March 6, 2006, the date [the appellant] filed a motion challenging that award. [The appellant] did not file his notice of appeal until August 7, 2006, well after the expiration of the 10-day period specified under § 6-6-15 for filing an appeal from an arbitrator's award. Therefore, pursuant to the plain language of § 6-6-15, [the appellant's] appeal is untimely.
"We recognize that Rule 4(a)(1), Ala. R.App. P., provides:
"`Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from....'
"In Birmingham News Co. v. Horn, 901 So.2d 27, 42 (Ala.2004), our supreme court noted that `Appendix II ("Statutes and Rules Superseded") and Appendix III ("Statutes Modified") to the Rules of Appellate Procedure do not list § 6-6-15 as among those statutes which have been superseded or modified by those rules.' The Supreme Court in Horn did not conclude that Rule 4(a)(1) extended from 10 days to 42 days the period for filing an appeal from an arbitration award under § 6-6-15. However, even if Rule 4(a)(1) does extend the period for filing such an appeal, we note that [the appellant] failed to file his appeal within 42 days of his receiving notice of the arbitrator's award.
"Because [the appellant] did not timely file his appeal pursuant to the filing *466 requirements of § 6-6-15, we dismiss the appeal."
Chambers v. Courtesy Pontiac-GMC Trucks, Inc., 969 So.2d 167, 168-69 (Ala. Civ.App.2007).
To eliminate any confusion, we now explicitly recognize that Rule 4 does operate to expand the statutory time period for taking an appeal of an arbitrator's award from 10 days from the date of receipt of notice of the award to 42 days from that date. To the extent Chambers holds otherwise, it is overruled. Likewise, any contrary dicta in Birmingham News concerning the time period in which to appeal a judgment entered on an arbitration award is overruled. The appeals of H & S Homes and Horton Homes are indeed timely.

II.
We next clarify the role of the circuit court in reviewing an arbitration award. The recognition in § 6-6-15 of the availability of relief based on the grounds set forth in § 6-6-14 is couched in terms of relief in the trial court. Section 6-6-15 provides that the clerk's entry of judgment on the award when it is filed in the circuit court becomes final after 10 days, if during that 10-day period the circuit court has not set aside the award. At that point, "the judgment shall become final and an appeal shall lie as in other cases." § 6-6-15. Because under § 6-6-15 a notice of appeal will have been filed by the party dissatisfied with the award, the reference to "an appeal shall lie as in other cases" in the context of the circuit court's failure to set aside the award triggers the applicability of procedures that come into play after the filing of a notice of appeal. Section 6-6-15 further provides for the possibility that the circuit court may set aside the award, stating that "such action shall be a final judgement from which an appeal shall lie as in other cases." In this scenario, where the award has been set aside and the party dissatisfied with the award has obtained relief, the reference to "a final judgement from which an appeal shall lie as in other cases" necessitates the filing of a notice of appeal by the party seeking to uphold the award. An appeal of an order setting aside an award filed within 42 days of the circuit court's setting aside the award as provided by Rule 4(a), Ala. R.App. P., would be timely.
In Birmingham News, the party dissatisfied with the arbitration award filed in the circuit court a motion to vacate or set aside the award. The circuit court took no action, a scenario contemplated by § 6-6-15 as sufficient to convert the award to a final judgment 10 days after the entry of judgment by the clerk. In this proceeding, however, Shaner, the party who prevailed in the arbitration proceeding, submitted a copy of that award to the circuit court, and the circuit clerknot the circuit courtentered the judgment. Neither H & S Homes nor Horton Homes filed anything in the circuit court to invoke the circuit court's authority to set aside the judgment within the period provided in § 6-6-15, after which the judgment would become a final judgment from which "an appeal shall lie as in other cases." See § 6-6-15 ("Thereafter [after entry by the clerk], unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases."). Instead, H&S Homes and Horton Homes filed in the circuit court notices of appeal from the arbitration award to this Court.
The failure of H & S Homes and Horton Homes to seek the circuit court's review of the arbitration award by means of a motion to alter, amend, or vacate was understandable in light of H & S Homes' prior *467 experience with this Court in H & S Homes, L.L.C. v. McDonald, 910 So.2d 79 (Ala.2004). In McDonald, which was litigated by the same attorneys who are representing H & S Homes and Shaner in the present appeal, H & S Homes sought appellate review of an arbitration award that had been returned against it and in favor of Christina McDonald, who had made allegations of fraud similar to those Shaner now makes. On appeal, McDonald argued that H & S Homes' appeal should be dismissed because H & S Homes did not first challenge the arbitration award through a motion to vacate filed in the circuit court. At that time, this Court rejected that argument and held that a party did not need to file in the circuit court a motion to vacate an arbitration award before appealing the award, stating:
"[McDonald] contends that this appeal is due to be dismissed because H & S Homes did not challenge the arbitration award through a motion to vacate the arbitration award pursuant to 9 U.S.C. § 12 before it filed its appeal to this Court. However, such a motion is not required before an arbitration award can be appealed in Alabama. See Ala.Code 1975, § 6-6-15 ('Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award and shall be filed with the clerk ... of the circuit court where the action is pending....'). H & S Homes filed its notice of appeal within 10 days after it received notice of the award. The notice of appeal filed by H & S Homes became effective when the judgment on the arbitrator's award was entered; it was thus timely filed. Birmingham News Co. v. Horn, 901 So.2d 27, 42 (Ala.2004)."
910 So.2d at 80-81. Upon further review, we conclude that our construction of § 6-6-15 in McDonald was erroneous and that case is overruled.[1]
The judgment entered by the circuit clerk on the arbitrator's award pursuant to § 6-6-15 is a conditional one; it does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award. A party seeking review of an arbitration award is required to file a motion to vacate during this periodwhile the judgment entered by the circuit clerk remains conditionalin order to preserve its ability to later prosecute that appeal to an appellate court once the judgment becomes final. This is so not only because § 6-6-15 contemplates a party's first seeking relief from an award in the circuit court, but also because "[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered." Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 165 (Ala.2005).[2]
Section 6-6-15 provides that the judgment entered by the circuit clerk is to *468 remain conditional for only 10 days, after which it "shall become final" unless it has been, during that 10-day period, set aside by the circuit court. However, this short time span10 daysis impractical in application and not consistent with the Alabama Rules of Civil Procedure that govern postjudgment motions. It is unreasonable to expect a party to file a motion to vacate, the opposing party to respond, and the circuit court to then thoughtfully consider their arguments all within a 10-day period. Accordingly, we modify that timeline established in § 6-6-15 as follows to make it consistent with the Alabama Rules of Civil Procedure and to allow for a more meaningful review by the trial court.
Rule 59(e), Ala. R. Civ. P., provides that a party has 30 days after the entry of judgment to file a motion to alter, amend, or vacate that judgment. Accordingly, borrowing from the spirit of Rule 59(e),[3] we hold that a party desiring judicial review of an arbitration award pursuant to § 6-6-15 must file in the appropriate circuit court a motion to alter, amend, vacate, or set aside the award within 30 days of filing the notice of appeal of the arbitration award and the clerk's entry of the conditional judgment based thereon. If that motion is timely filed, the circuit court shall then have 90 days, unless that time is extended by the consent of all the parties, to dispose of the motion. See Ala. R. Civ. P. 59.1 ("A failure by the trial court to dispose of any pending post-judgment motion within [90 days], or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.").
If the circuit court grants the motion to vacate during this 90-day period, then the nonmovant has 42 days from the order granting the motion in which to file in the circuit court a notice of appeal of the court's judgment. If the circuit court denies the motion to vacate within 90 days or allows the motion to be denied by inaction after 90 days, then the conditional judgment entered by the circuit clerk becomes final, and the appeal is processed based on the prior notice of appeal.

III.
Because the failure of H & S Homes and Horton Homes to file a motion to vacate the award with the circuit court was presumably in reliance on McDonald, it would hardly be just to deny relief in their appeals on that basis. For that reason, we now reverse the final judgment resulting from the passage of 10 days from the circuit clerk's entry of a conditional judgment, leaving in place the conditional judgment, and remand the cause for H & S Homes and Horton Homes to file motions to vacate the award with the circuit court within 30 days of the date of this opinion. If, within the following 90 days, the circuit court denies those motions or otherwise allows the conditional judgment entered by the circuit clerk to become final by default, H & S Homes and Horton Homes may engage in further appellate proceedings that permit us to review the circuit court's action with new briefs and a *469 record that includes grounds asserted in any subsequently filed motions to vacate.[4]
1061659 REVERSED AND REMANDED.
1061741 REVERSED AND REMANDED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and SEE, J., concur in the result.
MURDOCK, J., concurs in the judgments of reversal and remand only, and dissents as to the rationale.
SEE, Justice (concurring in the result).
I commend both the per curiam opinion and Justice Murdock's special writing for their well-considered analyses of § 6-6-15, Ala.Code 1975. I believe that this is the third time I have attempted to make sense of the language of that statute in light of modern practice.[5] I have in each instance worked myself through the possible intentions of the statute until "I have met myself coming home."
I believe that the per curiam opinion has reached a practical result that resolves this case in a fair, just, and reasonable manner. Therefore, I concur in the result. Justice Murdock has done, I believe, a masterful job of analyzing § 6-6-15 in light of Rule 4(a), Ala. R.App. P., that produces a consistent system under which appeals of arbitration awards could proceed.
What I hope will happen is that our civil and appellate rules committees will review § 6-6-15 and develop a rule that addresses the intent of the statute in light of the needs of contemporary practice in arbitration matters and that the committees will present this Court with a proposed rule that we can adopt before we are faced with the next case for which § 6-6-15 is not so much an aid as an impediment.
MURDOCK, Justice (concurring in the judgments of reversal and remand only, and dissenting as to the rationale).

A.
In Sanderson Group, Inc. v. Smith, 809 So.2d 823 (Ala.Civ.App.2001), while serving as a judge on the Court of Civil Appeals, I wrote as follows with regard to the impact of Rule 4(a), Ala. R.App. P., on § 6-6-15, Ala.Code 1975:
"I concur with Judge Crawley's conclusion that Smith's appeal is timely.[[6]] I write separately as to this issue to note my understanding that Rule 4(a), Ala. R.App. P., modifies more than just the number of days for appealing an arbitrator's award.
"Rule 4(a), Ala. R.App. P., provides, in pertinent part:

*470 "`(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from....
"`(2) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (2 weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.'
"(Emphasis added.) In the case of an arbitrator's award, the `judgment or order appealed from' is the final judgment of the court based on that award, not the award itself. Moss v. Upchurch, 278 Ala. 615, 619, 179 So.2d 741, 744-45 (1965).
"While § 6-6-15, Ala.Code 1975, still provides the right of appeal from a judgment based on an arbitrator's award and makes Sanderson's appeal one `permitted by law as of right,' the time for taking that appeal has been modified by... the above-quoted language in Rule 4(a)(1), Ala. R.App. P. As a result, not only has the time period for an appeal in connection with an arbitration award been expanded from the 10 days provided under § 6-6-15 to 42 days, that time period now begins to run under Rule 4(a)(1) from the date of entry of final judgment by the circuit court based on the arbitrator's award, rather than from the date of receipt of the arbitrator's award as stated in § 6-6-15. Likewise, the provision of Rule 4(a)(2) allowing a notice of cross-appeal within 14 days of the date of a notice of appeal by another party is applicable."
809 So.2d at 832 (Murdock, J., concurring specially in part, concurring in the result in part, and dissenting in part).
My point is simply this: By its terms Rule 4(a) either applies to appeals from arbitration awards, or it does not. If by its terms it applies, then by those same terms all of it applies. This would include all of Rule 4(a)(1), all of Rule 4(a)(2), and, for that matter, all of Rule 4(a)(3)-(5). There is nothing in the text of Rule 4(a) that allows us to pick and choose which subsections, which sentences, or, indeed, which words or phrases, will apply to such an appeal.[7]
More specifically, the "42 days" referenced in Rule 4(a) is not a free-floating term that can be surgically removed from Rule 4(a) and surgically implanted into § 6-6-15 in place of only the words "10 days." The same passage that provides us with the 42-day time period also specifically tells us when that time period is to begin running. In other words, Rule 4(a) explicitly defines the "42 days" to which it refers as a particular 42 days. It is the "42 days [from] the date of the entry of the judgment or order appealed from."[8] I do not understand how we can, or why we see a need to, ignore that fact. The manner in which the majority applies Rule 4(a) to *471 § 6-6-15 today is tantamount to rewriting Rule 4(a) so as to read that a notice of appeal shall be filed "within 42 days (6 weeks) of [whatever starting date might be provided by some heretofore applicable rule or statute or, if there is no such other rule or statute, from] the date of the entry of the judgment or order appealed from."
It is true enough that the table that constitutes the bulk of "Appendix III [to the Alabama Rules of Appellate Procedure]. Statutes Modified" contains the following entry in the left-hand column: "§ 843appeals to Supreme Court or Court of Appeal from award of arbitrators. Time for taking appeal10 days"; and that the corresponding entry in the right-hand column contains only the following reference: "Rule 4(a)Forty-two days." To the extent the Court today has based its decision on the fact that the entry in the right-hand column in this table specifically references "Forty-two days" without also referencing the remainder of the passage of Rule 4(a) in which that time period is defined, I note simply that this table is not the rule. It does not have the force of law. Ex parte Johnson, 485 So.2d 1098 (Ala.1986); cf. Alexander v. State, 475 So.2d 625, 628 (Ala.Crim.App.1984) (recognizing that Table I at the end of Vol. 12 of the Alabama Code "`indicates the disposition of sections of the 1975 Alabama Code which are affected by the adoption of the new Criminal Code" and that "this Table does not have the force of law and [we] only refer to it as additional authority, of whatever weight to support our conclusion."). It was prepared by the Appellate Rules Committee simply to provide a helpful index to the multitude of statutes that were modified with the adoption of the Alabama Rules of Appellate Procedure. Ex parte Johnson, 485 So.2d at 1105-06. As such, it purports only to provide a reference "list" for practitioners and judges of the preexisting statutes altered by those rules. Id. It does not purport to detail every manner in which every preexisting statute was altered, because to do so would require a virtual repeat of the rule within the table itself. Such a table is by its nature inherently a summary and is not intended to countermand or restrict express passages in the very rules as to which the table is merely a guide. Id.[9]
Furthermore, the interpretation adopted by the main opinion can only be based on the questionable premise that the authors of Rule 4(a), Ala. R.App. P., intended that rule to override existing rules and statutes so as to create a uniform rule as to the time for taking an appeal and when that time will begin to run in all types of cases, except one. I see no such discrimination in the text of Rule 4(a).
A much more plausible explanation is that the Rules Committee simply overlooked the fact that there was embedded in the second sentence of § 6-6-15 a starting date for the appeal period other than the entry of the trial court's judgment. It is more likely that members of the committee *472 simply did not pick up on this (or perhaps simply were laboring under the same "far-from-clear" understanding of the operation of § 6-6-15 as is referenced at the outset of the main opinion) than it is to read the table as some sort of binding restriction on the full and plain meaning of the text of the Rules of Appellate Procedure themselves. This Court's decision in Ex parte Johnson is instructive:
"[Rule 21, Ala. R.App. P.,] does not mention the verification requirement contained in § 6-6-640, but, in all other respects, appears to restate and expand upon all the requirements set out in § 6-6-640, thus eliminating any effect that statute may have had as to mandamus petitions filed in appellate courts. However, respondents point out that § 6-6-640 is not listed among the statutes and rules superseded or statutes modified by the Alabama Rules of Appellate Procedure. Nevertheless, we find that the caveat contained in the Committee Comments appearing before the lists of statutes and rules superseded or modified by the Alabama Rules of Civil Procedure is equally applicable to the lists prepared by the Rules Committee for the Alabama Rules of Appellate Procedure, although the latter lists are not preceded by a Committee Comment. That comment preceding the civil rules states in part:
"`When the Federal Rules went into effect, no list of superseded or modified statutes was made available. Prof. Moore reports as follows:
"`"While a list of such statutes would have been convenient and helpful to the bar, the compilation of such a list would have been a most arduous task, and attended by the constant danger of overlooking some statutes, as there was a multitude of procedural provisions scattered throughout the United States Code, and imbedded in long statutes, often in the most unexpected places. Moreover, it is not always easy, in the absence of a case raising the precise point, to determine whether a particular provision is wholly or only partially superseded, or merely modified to some extent. In the great majority of cases no hardship was caused by the absence of a list of superseded or modified statutes, as the effect of the Federal Rules on the important procedural statutes was clear without any express statement to that effect; and in most situations the Committee's Notes are helpful." (2 Moore's Federal Practice, Para. 1.02[5], p. 129 [2d ed.1970])
"`With due regard to the extreme difficulty in compiling such a list as noted by Prof. Moore, the most reasonable course for Alabama practice and the requirement of Act 1311, dictated the promulgation of this Appendix of Superseded Rules and Statutes. While this Appendix should be entitled to greater authority than the commentary, the bench and bar should apply common sense in its application. The Committee has sought to eliminate as many unedifying trips to the Court as possible on questions of reconciling the new rules to the Alabama Code. However, it is not beyond the realm of possibility that common sense will dictate a second look at that which has been broadly labeled "superseded" or that which may have been inadvertently omitted from this Appendix. This is by no means an invitation to engage in repeated challenges to the validity of this Appendix but is simply a practical admonition that must inevitably accompany an Appendix of this nature.'
"In short, the Rules Committee may have missed some, and it appears it did *473 in the case of § 6-6-640, if the parties are correct in assuming that § 6-6-640 otherwise would have applied to petitions filed in the appellate courts. Thus, we hold that the verification requirement of § 6-6-640 does not apply as to mandamus petitions governed by the Alabama Rules of Appellate Procedure, and the petition is not due to be dismissed because of petitioner's failure to have it verified."
485 So.2d at 1105-06 (emphasis added).
Contrary to the assertion in footnote 3 of the main opinion, I in no way suggest that the reference to Rule 4(a) in the table in Appendix III serves as a "funnel" for the provisions of Rule 4(a) or, for that matter, any other rule of appellate procedure or any rule of civil procedure that by its terms became applicable to appeals of arbitration awards upon the enactment of those respective rules in 1975 and in 1973, respectively. 999 So.2d at 468. Indeed, the point I make is the converse of that suggested by the footnote. It is the rule itself that governsin its entiretyand, contrary to the main opinion's reliance on Appendix III, Rule 4(a) is neither filtered by nor funneled through, nor in any other way restricted or expanded by, the summary entries in the table found in Appendix III, which has no force of law.

B.
With the foregoing in mind, the following describes my reading of § 6-6-15, the manner in which it operated before its operation was modified by Rule 4(a), and how Rule 4(a) did in fact modify that statute:
1. The second sentence of § 6-6-15 begins as follows: "Notice of the appeal to the appropriate appellate court shall be filed within 10 days after receipt of notice of the award...." Thus, the notice of appeal has to be filed before there was a final judgment that would support an appeal. The last three sentences of § 6-6-15, however, provide the mechanism by which the arbitration award becomes a final, appealable judgment of the trial court, thus making the appeal viable.
The third sentence of § 6-6-15 states that the "[t]he notice of appeal, together with a copy of the award, ... shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable...." Reading this provision in conjunction with the time period prescribed in the second sentence of § 6-6-15 for filing a notice of appeal means that the copy of the award and related papers were required to be filed with the trial court within the same 10 days prescribed for filing a notice of appeal. Although Rule 4(a) now supersedes § 6-6-15 as to the time for filing a notice of appeal, nothing in Rule 4(a) supersedes what effectively was a 10-day period for filing the arbitrator's award and related papers with the trial court, and that period remains unaltered by the adoption of Rule 4(a).
2. The provision in § 6-6-15 that the notice of appeal "shall be filed with the clerk or register of the circuit court" is no different than the general rule as to the place for filing a notice of appeal as stated in Rule 4(a)(1), Ala. R.App. P.
3. The penultimate sentence of § 6-6-15 specifically provides that, within 10 days of the filing of the notice of appeal and a copy of the award, the court may "set aside the award for one or more of the causes specified in Section 6-6-14...." If it does set the award aside on one of those specific grounds, "the judgment shall become final and an appeal shall lie as in other cases." Likewise, if the trial court does set aside the award, "such action shall be a final judgement from which an appeal shall lie as in other cases."
*474 Thus, § 6-6-15 prescribes the manner in which an arbitrator's award shall become a final, appealable judgment of the circuit court itself. Judgments of circuit courts are governed by Rule 59, Ala. R. Civ. P.[10] By its terms, Rule 59 supplies a mechanism for postjudgment review by the circuit court of a "judgment" based on an arbitration award, just as it supplies a method of postjudgment review by the trial court of any other "judgment." Again, § 6-6-15 expressly states that "an appeal shall lie as in other cases" from a circuit court's judgment based upon, or setting aside, an arbitration award. Until such a final judgment is entered, Rule 59 has no field of operation in an arbitration proceeding. Once a judgment is entered in the circuit court, however, Rule 59(e), by its terms, applies to that judgment.
Rule 59(e) provides that "[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment." Moreover, Rule 4(a)(3) of the same Rule of Appellate Procedure that supplies the 42-day time limit, which this Court construes today as applying to appeals from judgments based on arbitration awards, expressly provides that "[t]he filing of a post-judgment motion pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal." As noted earlier, I see no less basis for reading Rule 4(a)(3) as modifying § 6-6-15 than for reading Rule 4(a)(1) as modifying § 6-6-15.[11]

C.
A few additional thoughts.
The reasonableness of the interpretation of Rule 4 of the Alabama Rules of Appellate Procedure provided in this special writing, as compared with the interpretation reflected in the main opinion, is further bolstered by the following fact: The foregoing interpretation, unlike that in the main opinion, does not result in a 42-day-appeal window that shifts depending on (i) the nature of the final judgment entered in the trial court or (ii) which party seeks to appeal from that judgment. In every other type of case with which I am familiar, the time for filing a notice of appeal is a fixed period that runs from a fixed point the entry of a final judgment by the trial courtregardless of the content of that judgment or which party is appealing therefrom. Under the approach adopted by the main opinion, as explained therein, the window of opportunity for filing a notice of appeal would shift depending on which party was filing the notice of appeal and what the procedural history of the *475 case was before the filing of the notice of appeal. 999 So.2d at 464. In the case of a final judgment of the circuit court that is fully in accord with the arbitrators' award, a dissatisfied party's 42 days would run from the date it received notice of that award; the result would be that such a party could have as little as 22 days after entry of the final judgment in order to file a notice of appeal (after deducting the 10 days leading up to the filing of an award with the trial court and an additional 10 days for the trial court to act thereon). On the other hand, as to a judgment that is inconsistent with the arbitrators' award,[12] a party dissatisfied with the final judgment would measure its time for taking an appeal from the final judgment of the circuit court and thus would have a full 42 days thereafter to file its notice of appeal. I see no basis in the text of Rule 4(a) for such an unusual result.
In addition, I see no basis in the text of § 6-6-15 for the assertion in the main opinion that the conditional judgment entered by the circuit clerk on the arbitrator's award does not become a final, appealable judgment until the trial court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award. A party may be barred by our tenets of judicial review from filing an effective appeal because it will not have raised a ground for reversal in the trial court. The resulting restriction, however, derives from such tenets, not from the text of § 6-6-15.
Finally, the approach urged in this special writing has the advantage of applying Rule 59, not the "spirit of Rule 59." This in turn yields the advantage of measuring the 30 days for the filing of a Rule 59(e) motion from the final judgment of the trial court, the same triggering event for the running of that 30-day period that Rule 59 applies in every other type of case. Further still, and perhaps most importantly in this respect, by understanding Rule 4(a)(3), Ala. R.App. P., and, concomitantly, Rule 59, Ala. R. Civ. P., to operate together to supersede § 6-6-15 and allow a reasonable time period for the filing and consideration of postjudgment motions, we are able simply to apply existing, general rules that have been promulgated using normal procedures, rather than specially fabricating a modification of our statutes and rules in the context of an otherwise purely judicial decision.[13]

D.
Based on the foregoing, I concur in remanding this cause to the trial court. I dissent from the rationale of the main opinion to the extent it is inconsistent with the understanding of the Alabama Rules of Appellate Procedure and Appendix III thereto discussed herein.
NOTES
[1] We note that McDonald did prevail in her appeal for other reasons.
[2] We reiterate that a party desiring judicial review of an arbitration award in a proceeding subject to the Federal Arbitration Act ("FAA") is limited to arguments based on those grounds enumerated in 9 U.S.C. § 10, which encompasses the grounds of review listed in § 6-6-14, Ala.Code 1975. In Birmingham News we augmented those grounds with the additional ground of manifest disregard of the law. Of course, at the time we decided Birmingham News we did not have the benefit of Hall Street Associates, L.L.C. v. Mattel, Inc., ___ U.S. ___, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), in which the United States Supreme Court rejected the availability of manifest disregard of the law as a basis for vacating an award in proceedings subject to the FAA.
[3] Justice Murdock's dissenting opinion would transform the terse statement, "Rule 4(a) Forty-two days," in Appendix III, Statutes Modified, into a funnel through which flows all aspects of Rule 4(a), Ala. R.App. P., including subparagraph (a)(3) thereof, with its provision relating to the effect of a motion pursuant to Alabama Rules of Civil Procedure 50, 52, 55, or 59, on the time for filing a notice of appeal. Even if such wholesale incorporation was intended by this brief statement in the appendix, there would be no field of operation for Rule 4(a)(3) in this proceeding because the motion practice at issue here is a creature of § 6-6-15, not Rule 50, 52, 55, or 59. Consequently, we must resort to the spirit of Rule 59 in our analysis.
[4] This Court took a similar approach in Jenks, supra, in which a party who lost in arbitration successfully moved the circuit court to vacate the award entered against it. The nonmovants then separately appealed to this Court (case nos. 1031771 and 1031815); however, after noting that the circuit clerk had never entered judgment on the award, we dismissed the appeal with instructions for the circuit clerk to enter judgment on the arbitration award, after which the circuit court would again have the opportunity to rule on a properly made motion to vacate. The circuit clerk then entered judgment on the award, and the circuit court again granted a motion to vacate. The nonmovant then filed a new appeal, and we considered the merits of its argument.
[5] The statute, albeit with periodic adjustment, has been with us at least since the 1876 Code.
[6] Judge Crawley authored the main opinion in Sanderson Group; Presiding Judge Yates, Judge Thompson, and Judge Pittman concurred in the result.
[7] Rule 4(a)(1) simply begins as follows: "Except as otherwise provided herein [and no exception for appeals from arbitration awards is otherwise provided], in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals...." (Emphasis added.)
[8] Rule 54, Ala. R. Civ. P., defines "judgment" with reference to decrees or orders from which appeals lie. The judgment from which an appeal lies following an arbitration proceeding is the judgment of the circuit court based on, or setting aside, the arbitration award.
[9] Consistent with this understanding of Appendix III is the fact that the appendix expressly begins by qualifying the table contained therein as follows:

"Some statutes which create the right of appeal in certain cases also provide for the time within which the appeal must be taken, the manner of taking the appeal and the procedure on appeal. Where either the time for taking the appeal, the manner of taking the appeal or the procedure on appeal in such statutes is materially changed by the Rules the statutes are listed under Statutes Modified."
Appendix III, Ala. R.App. P. To view the Rules of Appellate Procedure as modifying preexisting statutes such as § 6-6-15 only to the extent explicitly referenced in Appendix III would be to elevate the text of the guide to the Rules over the Rules themselves and would distort the meaning of the introductory language to Appendix III.
[10] Rule 59 was adopted in 1973, well after the enactment of § 6-6-15, just as Rule 4(a), Alabama Rules of Appellate Procedure, was adopted after the enactment of § 6-6-15. Also, see the discussion from Ex parte Johnson in Part A, supra.
[11] The main opinion states in footnote 3 that "there would be no field of operation for Rule 4(a)(3) in this proceeding because the motion practice at issue here is a creature of § 6-6-15, not Rule 50, 52, 55, or 59." 999 So.2d at 468. It is the opinion being issued by this Court today, however, that is defining "the motion practice at issue here." As the main opinion explains, H & S Homes, in reliance on an earlier decision of the Court, engaged in no "motion practice" in this case. It is this Court's opinion that is advising the parties as to what types of motions will be permitted in this case on remand and in future cases (unless and until our procedural rules are further amended). My point is simply that we should recognize that the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure already operate to provide directly, rather than "in spirit," rules that are applicable in this and in other cases and that, at least in one respect, provide a fairer time limit for motion practice than the rule crafted in the main opinion. See Part C, infra.
[12] It is unclear from the main opinion what degree of inconsistency would trigger this alternative time measurement.
[13] Section 150, Ala. Const.1901, clearly gives this Court the authority to "make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts." That is what this Court did in promulgating Rule 59. I question whether this authority to act administratively to promulgate rules, being legislative or quasi-legislative in nature, is part of our judicial authority to decide a specific case.