BRYAN, Judge,
concurring in part and dissenting in part.
I agree that the trial court’s judgment should be reversed and the case remanded for the trial court or its clerk to enter the arbitration award as the trial court’s judgment pursuant to §§ 6-6-2 and -12, Ala. Code 1975. However, I disagree with the main opinion’s conclusion to permit Day 30 days from the date of this court’s decision in which to file an appeal from the arbitration award. Because Day did not file an appeal from the arbitration award within 42 days from the date he received notice of that award, any appeal from that award would be untimely. Horton Homes, Inc. v. Shaner, 999 So.2d 462 (Ala.2008). I agree that the period for filing an appeal from an arbitration award was unclear before our supreme court’s decision in Horton Homes. However, that uncertainty should not serve as an excuse for Day, who never filed an appeal from the arbitration award. I believe that Day may still be afforded relief in the trial court, however. I read nothing in Horton Homes that would prevent Day, on remand, from filing a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment of the trial court confirming the arbitration award.
In all other respects, I concur in the main opinion.