STUART, Justice.
 

 Gaythor D. Lindsey a/k/a Randy Lindsey appeals the judgment entered by the Jefferson Circuit Court on an arbitration award returned against him and in favor of
 
 *180
 
 Deep South Properties, LLC, for $52,644. We dismiss the appeal.
 

 On October 14, 2004, Lindsey and Deep South Properties entered into a contract pursuant to which Deep South Properties was to build a custom house for Lindsey in Shelby County. That contract contained a provision requiring the parties to resolve any disputes that arose regarding the construction via arbitration proceedings conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association (“AAA”). In December 2005, a dispute did arise that eventually culminated in Lindsey’s refusing to make additional payments to Deep South Properties. Deep South Properties accordingly stopped work on the house, which was approximately 70% complete at the time.
 

 In September 2007, Deep South Properties filed a demand for arbitration with the AAA. An arbitrator was appointed and, in November 2008, arbitration proceedings were conducted in Jefferson County. On December 11, 2008, the arbitrator decided the case in favor of Deep South Properties and awarded it $52,644. On December 23, 2008, Deep South Properties filed a copy of the arbitration award with the Jefferson Circuit Court and moved the court to enter a judgment based upon that award. On January 23, 2009, the circuit clerk entered a judgment on the arbitration award in favor of Deep South Properties. Lindsey did not thereafter file with the trial court any motion to vacate the judgment entered on the arbitration award; instead, Lindsey filed, on March 6, 2009, a notice of appeal to this Court.
 

 In
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 467 (Ala.2008), we stated that a party seeking review of an arbitration award is required to file in the trial court a motion to vacate the judgment entered on the award. “This is so not only because § 6 — 6—15[, Ala.Code 1975,] contemplates a party’s first seeking relief from an award in the circuit court, but also because ‘[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered.’ ”
 
 Id.
 
 (quoting
 
 Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 165 (Ala.2005)). Pursuant to the procedure outlined by this Court in
 
 Shaner,
 
 Lindsey, if he desired judicial review of the arbitration award returned against him, should have filed a motion to vacate that award with the trial court within 30 days after the circuit clerk entered the judgment on that award.
 
 [1]
 
 As explained in
 
 Shaner,
 
 the judgment entered by the circuit clerk on the arbitration award is conditional and does not become final for 30 days so as to provide the party challenging the award with an appropriate time in which to file a motion to vacate the judgment entered on the award. 999 So.2d at 467. The record indicates that the only judgment entered in this case was entered by the circuit clerk on January 23, 2009. That judgment was accordingly a conditional one, yet no motion to vacate was filed by Lindsey in the next 30 days or at anytime thereafter.
 
 [2]
 
 The judgment ae-
 
 *181
 
 cordingly became final on February 23, 2009. Lindsey’s failure to file a motion to vacate in the trial court is fatal to his cause, and his appeal must be dismissed.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and LYONS and BOLIN, JJ., concur.
 

 MURDOCK, J., concurs in the result.
 

 [1]
 

 . The procedure for seeking judicial review of arbitration awards in Alabama is now governed by Rules 71B and 71C, Ala. R. Civ. P. However, those rules do not apply to the present case because they did not become effective until February 1, 2009, and this case was initiated by Deep South Properties on December 23, 2008, and the conditional judgment was entered by the circuit clerk on January 23, 2009.
 

 [2]
 

 . In his brief to this Court, Lindsey objects to the fact that a judgment was entered against him on January 23, 2009, but he was not personally served until two weeks later, on February 6, 2009. However, as explained above, the judgment entered on January 23 was a
 
 conditional
 
 judgment — it did not become final for another 30 days, here on Monday, February 23, 2009. Lindsey filed no motion to vacate either within 30 days of the
 
 *181
 
 date the conditional judgment was entered or within 30 days of the date he was served.
 

 Moreover, the certificate of service attached to the initial motion filed by Deep South Properties on December 23, 2008, seeking to confirm the arbitration award by the entry of a judgment indicates that a copy of that filing was mailed to Lindsey's attorney. The record also indicates that the trial court mailed Lindsey a copy of the judgment entered on January 23, 2009. Thus, although he does not articulate it as such, Lindsey cannot maintain that he was denied due process.