Application of STATES MARINE CORP.
OF DELAWARE to confirm the award
of arbitrators in the Arbitration be-
tween Power Steamship Co., Ltd., as
owners of THE M. V. DERRYNANE
and States Marine Corp. of Delaware
and a Companion Motion.

United States District Court,
S. D. New York.

Sept. 7, 1954.

**944**

Nelson, Healy, Baillie & Burke, New York City, for Power S. S. Co., Ltd.

Kirlin, Campbell & Keating, New York City, for States Marine Corp. of Delaware.

NOONAN, District Judge.

This matter is before the court on two motions; one to confirm, and the other to vacate, an award of arbitrators pursuant to the U. S. Arbitration Act, 9 U.S.C. §§ 9 and 10, respectively. The award was rendered in connection with a dispute under a time charter party dated January 5, 1951.

 That there should be great hesitation in upsetting an arbitration award is clear. Karppinen v. Karl Kiefer Machine Co., 2 Cir., 187 F.2d 32. But if the arbitrators determined matters not within the terms of the arbitration agreement, or failed to determine matters within the terms of such agreement, they exceeded or imperfectly executed their jurisdiction, and their award should be vacated. Texoma Natural Gas Co. v. Oil Workers I. U., etc., D.C., 58 F. Supp. 132, affirmed 5 Cir., 146 F.2d 62, certiorari denied 324 U.S. 872, 65 S.Ct. 1017, 89 L.Ed. 1426, rehearing denied 325 U.S. 893, 65 S.Ct. 1183, 89 L.Ed. 2004. Whether or not they did exceed or imperfectly execute their jurisdiction is the sole issue before this court with respect to both motions; and in seeking to show that the arbitrators so erred, the owners have the burden of establishing that fact. American Almond Products Co. v. Consolidated Pecan S. Co., 2 Cir., 144 F.2d 448, 451, 154 A.L.R. 1205. The unanimity of the award is immaterial to a consideration of this question.

In the American Almond Products Co. case, supra, Judge Learned Hand stated at the end of the opinion:

"Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery."

The dispute between the parties was submitted to arbitration in accordance with a clause in the charter party which provided:

"That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

In submitting the dispute to arbitration in accordance with the above proviso, the parties also entered into a "Stipulation with Respect To Procedure To Be Followed at Arbitration". In the stipulation, the parties stated their contentions as to whether or not the "disputed voyage" was reasonable, and specifically submitted to the Arbitrators the question of whose contention was correct. The parties also submitted a claim with respect to payment for fuel oil.

 Insofar as the Arbitrators' award decided the fuel oil dispute, there can be no question as to either their jurisdiction or the propriety of their award on that issue; that point is settled.

 With respect to the "disputed voyage", however, the Arbitrators did not strictly confine themselves to an award which simply stated which party's contention was correct; they went beyond that and gave their reasons for arriving at the conclusion reached. That,

by itself, is of course no basis for holding that they exceeded their powers.

In the aforementioned stipulation, the parties submitted their contentions to the Arbitrators and left them to determine whose contention was correct.

On page three of the Decision and Award, under the section bearing that designation and under subsection "A", the Arbitrators did not simply say that the Charterers' contention was correct; instead they stated first that:

"The disputed voyage was reasonable and Charterers had the right to order the vessel to make it, because * * *" (followed by their reasons for this decision).

The Owners' claim that the Arbitrators exceeded or imperfectly executed their powers by passing on the reasonableness of the "Avonmouth voyage" instead of the "Liverpool voyage".

■■ That the Arbitrators also considered the "Liverpool voyage" is clear from a reading of paragraph six of their reasoning. If the Arbitrators considered the "Avonmouth voyage" unnecessarily, and this court does not hold that such consideration was unnecessary, the informality of arbitration proceedings prevents by their very nature, any strict adherence to technical limitations.

■ The Arbitrators' ruling with respect to overlap and underlap nowhere limits the relationship between those two terms to as precise a limitation as the Owners contend. This court agrees with the Charterers' contention that the overlap may not "materially" exceed the underlap. What a "material" excess would be is a question well-suited to arbitration. It is not the function of the court to agree or disagree with the reasoning of the Arbitrators.

■ It is therefore the opinion of this court that the Arbitrators did not so exceed or imperfectly execute their powers as to require the court to set aside their award. Therefore, the Owners' motion is denied, and the Charterers' motion to confirm the award is granted.

Settle order.