PARKER, Justice.
 

 Ace Title Loan, Inc. (“Ace”), appeals from a judgment of the Mobile Circuit Court awarding the plaintiffs, James Michael Crump and Crump’s bankruptcy trustee, Denise Littleton (hereinafter referred to collectively as “Crump”), $50,000 in compensatory damages and $25,000 in punitive damages. The judgment was based on an arbitration award on James’s assault-and-battery claim against Ace based on the action of Ace’s repossession agents. Ace challenges the arbitrator’s findings and the award, asserting that the arbitrator ignored Ace’s valid defense of judicial estoppel and that he violated procedure by improperly recognizing that both the bankruptcy trustee and James could be plaintiffs.
 

 Background, and Procedural Posture
 

 On November 19, 2002, two agents of Ace appeared at James’s residence to repossess from James’s yard the collateral for a loan James had negotiated with Ace. During the course of the repossession, the agents allegedly assaulted James. According to James’s complaint, the attack “involved physical beating, cuts and bruises, pain and suffering, embarrassment, and humiliation, with the beating occurring in full view of [James’s] young daughter.” It is undisputed that James was in default on the loan and that the repossession was proper, but James claims that the repossession was improperly executed.
 

 On March 19, 2004, James sued Ace and its agents, seeking compensatory damages, punitive damages, and costs. Ace answered, denying liability and stating that the action should be stayed and that James should be ordered to submit the dispute to binding arbitration pursuant to the “pawn agreement,” the contract under which the action arises. Ace followed its answer on May 6, 2004, with a motion to stay and to submit the dispute to arbitration. James opposed the motion, and Ace filed its response on May 27, 2004, again arguing that the dispute should be submitted to binding arbitration. On February 4, 2005, the trial court issued its order compelling James to arbitrate the dispute. The arbitrator ruled in favor of Crump,
 
 [1]
 
 and Ace now appeals from the judgment of the trial court adopting the arbitrator’s report and award.
 

 In the Arbitration
 

 The arbitration was held on September 29, 2005. The arbitration, and hence this appeal, was complicated by the fact that after the assault but before James filed the legal action based on the assault, James filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. He failed to list as a contingent or unsecured claim in his bankruptcy petition the potential recovery in this action, and he did not report the existence of his claim until Ace moved the arbitrator for a summary judgment
 
 [2]
 
 
 *96
 
 based on the doctrine of judicial estoppel, arguing that James’s failure to mention the claim in his bankruptcy proceeding, which had been finalized, precluded his pursuing the claim. James then proceeded to reopen his bankruptcy proceeding on June 15, 2004, and Littleton, the bankruptcy trustee, was added to the arbitration proceeding as a plaintiff. Crump’s brief, at 1-2.
 

 The “Arbitration Judgment and Award,” dated October 6, 2005, awarded Crump $50,000 in compensatory damages and $25,000 in punitive damages. The trial court entered its final judgment on October 21, 2005, adopting the arbitrator’s award and incorporating it into its order. Ace filed its notice of appeal on November 15, 2005.
 

 On Appeal
 

 Ace appeals the trial court’s order incorporating the arbitrator’s judgment, arguing that the arbitrator’s award is flawed because (1) its defense of judicial estoppel was improperly denied; (2) the bankruptcy trustee, a party over whom, Ace says, the arbitrator lacked personal jurisdiction, was impermissibly added as a party to the arbitration proceeding; (8) James was im-permissibly retained as a party once the trustee was added as a plaintiff; and (4) the arbitrator failed to limit the award to the amount of the claims of the unsecured creditors in James’s bankruptcy proceeding.
 

 Crump answers, alleging that Ace’s appeal should be dismissed as untimely filed and arguing that the arbitrator was correct on each issue raised on appeal. For the reasons presented below we pretermit discussion of the issues presented and remand the cause for further proceedings in the trial court.
 

 Standard of Review
 

 Our standard of review for an appeal from a trial court’s order confirming an arbitration award is as follows:
 

 “‘“Where parties, as in this case, have agreed that disputes should go to arbitration, the role of the courts in reviewing the arbitration award is limited.
 
 Transit Casualty Co. v. Trenwick Reinsurance Co.,
 
 659 F.Supp. 1346 (S.D.N.Y.1987), affirmed, 841 F.2d 1117 (2d Cir.1988);
 
 Saxis Steamship Co. v. Multifacs International Traders, Inc.,
 
 375 F.2d 577 (2d [Cir.] 1967). On motions to confirm or to vacate an award, it is not the function of courts to agree or disagree with the reasoning of the arbitrators.
 
 Application of States Marine Corp. of Delaware,
 
 127 F.Supp. 943 (S.D.N.Y.1954). Courts are only to ascertain whether there exists one of the specific grounds for vacation of an award.
 
 Saxis Steamship Co.
 
 A court cannot set aside the arbitration award just because it disagrees with it; a policy allowing it to do so would undermine the federal policy of encouraging the settlement of disputes by arbitration.
 
 United Steelworkers of America v. Enterprise Wheel & Car Corp.,
 
 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960);
 
 Virgin Islands Nursing Association’s Bargaining Unit v. Schneider,
 
 668 F.2d 221 (3d Cir.1981). An award should be vacated only where the party attacking the award clearly establishes one of the grounds specified [in 9 U.S.C. § 10].
 
 Catz American Co. v. Pearl Grange Fruit Exchange, Inc.,
 
 292 F.Supp. 549 (S.D.N.Y.1968).” ’
 

 “R.P. Industries, Inc. v. S & M Equipment Co.,
 
 896 So.2d [460,] 464 [Ala.(2004)] (quoting
 
 Maxus, Inc. v. Sciacca,
 
 598 So.2d 1376, 1380-81 (Ala.
 
 *97
 
 1992)). The standard by which an appellate court reviews a trial court’s order confirming an arbitration award under the Federal Arbitration Act is that questions of law are reviewed de novo and findings of fact are reviewed only for clear error. See
 
 Riccard v. Prudential Ins. Co.,
 
 307 F.3d 1277, 1289 (11th Cir.2002).”
 

 Hereford v. D.R. Horton, Inc.,
 
 13 So.3d 375, 378 (Ala.2009).
 

 Necessity of Challenge in the Circuit Count
 

 A challenge to an arbitration award is a prerequisite to an appeal. As we said in
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462 (Ala.2008):
 
 [3]
 

 “The judgment entered by the circuit clerk on the arbitrator’s award pursuant to § 6-6-15[, Ala.Code 1975,] is a
 
 conditional
 
 one; it does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award. A party seeking review of an arbitration award is
 
 required
 
 to file a motion to vacate during this period — while the judgment entered by the circuit clerk remains conditional — in order to preserve its ability to later prosecute that appeal to an appellate court once the judgment becomes final. This is so not only because § 6-6-15 contemplates a party’s first seeking relief from an award in the circuit court, but also because ‘[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered.’
 
 Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 165 (Ala.2005).”
 

 999 So.2d at 467.
 

 Here, the record bears no evidence that such a motion was filed. A similar situation existed when
 
 Horton Homes
 
 was decided. Horton Homes, relying on this Court’s decision in
 
 H & S Homes, L.L.C. v. McDonald,
 
 910 So.2d 79 (Ala.2004), holding that a Rule 59(e), Ala. R. Civ. P., motion to vacate the award was not required before an arbitration award could be appealed, did not challenge the arbitration award in the circuit court, but timely filed its notice of appeal. In considering this failure in
 
 Horton Homes,
 
 this Court reviewed and then overruled
 
 McDonald,
 
 noting that a judgment on an arbitrator’s award does not become a final appealable judgment “until the circuit court has had an opportunity to consider a motion to vacate.” 999 So.2d at 467. We then held:
 

 “Because the failure ... to file a motion to vacate the award with the circuit court was presumably in reliance on
 
 McDonald,
 
 it would hardly be just to deny relief in their appeals on that basis. For that reason, we now reverse the final judgment resulting from the passage of 10 days from the circuit clerk’s entry of a conditional judgment, leaving in place the conditional judgment, and remand the cause for [the appellants] to file motions to vacate the award with the circuit court within 30 days of the date of this opinion. If, within the following 90 days, the circuit court denies those motions or otherwise allows the conditional judgment entered by the circuit clerk to become final by default, [the appellants] may engage in further appellate proceedings that permit us to re
 
 *98
 
 view the circuit court’s action with new briefs and a record that includes grounds asserted in any subsequently filed motions to vacate.”
 

 999 So.2d at 468-469. Here, because
 
 Horton Homes
 
 was decided after Ace had filed its notice of appeal, the same reliance on
 
 McDonald
 
 may have influenced Ace’s decision to appeal without filing a motion in the circuit court to vacate the judgment. Consequently, it would be unjust to deny Ace’s appeal on that basis, and we, therefore, reverse the circuit court’s judgment and remand the case to afford Ace the opportunity to present its motion to vacate the judgment in the circuit court.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SEE, WOODALL, and SMITH, JJ., concur.
 

 [1]
 

 . The bankruptcy trustee was added as a plaintiff during the arbitration proceeding. See infra.
 

 [2]
 

 . Although Ace's summary-judgment motion was denied, Ace makes no argument in its brief on appeal regarding that denial. Accordingly, for reasons presented infra, that issue is not before this Court.
 

 [3]
 

 . Rules 71B and 71C, Ala. R. Civ. P., were adopted, Rule 4(e), Ala. R.App. P., was adopted, and Rule 4(a)(1), Ala. R.App. P., was amended, all effective February 1, 2009, in response to
 
 Horton Homes,
 
 to clarify the procedure for taking an appeal from an arbitrator's award.