THOMPSON, Presiding Judge.
 

 In June 2004, Sheryl Diller entered into a lease agreement with Eagles Landing IV, Ltd., to lease an apartment. The lease agreement included two provisions related to arbitration. One indicated that the parties agreed “that any tort or other claim arising from [Dillerj’s residence in the [apartment] may be submitted to arbitration,” and the other provided that “[e]ither party may submit any dispute relating to [the lease agreement] to arbitration.” The lease agreement also provided that Eagles Landing “shall not be liable for any damage, loss, or injury to persons or property occurring within [the apartment] or upon the premises, whether caused by [Eagles Landing] or someone else.” Scott Hurst, Diller’s fiancé, moved into the apartment with Diller.
 

 On November 28, 2004, a fire destroyed the apartment. On November 28, 2006, Hurst and Diller sued Eagles Landing. They alleged that repairs Eagles Landing had made to the apartment due to damage caused by Hurricane Ivan, which had made landfall in September 2004, were performed in an unsafe manner and, specifically, that Eagles Landing had refused to properly repair the electrical system on the premises. They alleged that Eagles Landing had failed to maintain the premises on which the apartment was located in a safe condition and that Eagles Landing had failed to warn them of the dangerous condition of the premises.
 

 On March 28, 2007, Eagles Landing filed a motion to dismiss and a motion to compel arbitration. On July 23, 2007, the trial court granted Eagles Landing’s motion to compel arbitration and placed the case on its administrative docket. The arbitration occurred on April 14, 2008. On April 29, 2008, the arbitrator rendered a decision in favor of Eagles Landing.
 
 [1]
 
 The arbitrator concluded that the lease agreement “insulated” Eagles Landing from liability for the damage caused by the fee. The arbitrator’s decision was mailed to the parties on May 2, 2008.
 

 On June 17, 2008, Hurst and Diller feed a motion with the trial court to remove their case from the administrative docket and to enter a final judgment based on the arbitrator’s decision so that, according to Hurst and Diller, they could perfect their appeal. On the same day, Hurst and Dil-
 
 *145
 
 ler filed a notice of appeal to this court. On June 26, 2008, the trial court removed the case from its administrative docket and entered a final judgment in favor of Eagles Landing.
 

 Because it lacked appellate jurisdiction, this court transferred the appeal to the supreme court. The supreme court subsequently transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Hurst and Diller contend that, because of the supreme court’s recent decision in
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462 (Ala.2008), the case should be remanded to the trial court to allow them to file a motion to vacate the arbitration decision. Specifically, they argue that, before
 
 Shaner,
 
 the procedure for appealing an arbitration decision was unclear but that, in
 
 Shaner,
 
 the supreme court clarified the law regarding appeals from such decisions and set forth the proper procedure to be followed, which includes a requirement that a party file a motion to vacate an arbitration award as a condition precedent to obtaining appellate review of the award. Hurst and Diller contend that this court should remand this case so that the procedures set forth in
 
 Shaner
 
 can be followed.
 

 In
 
 Shaner,
 
 William Shaner initiated arbitration proceedings against H
 
 &
 
 S Homes, L.L.C., and Horton Homes, Inc., regarding his purchase of a mobile home. The arbitrator awarded Shaner $487,500, following which Shaner submitted the award to the Montgomery Circuit Court. The circuit clerk entered a judgment on the award on July 10, 2007, and, on August 17, 2007, H & S Homes and Horton Homes filed notices of appeal.
 

 On appeal, the supreme court first addressed the timeliness of H & S Homes’ and Horton Homes’ notices of appeal:
 

 “Both H & S Homes and Horton Homes state that their appeals are brought pursuant to § 6-6-15, Ala.Code 1975, and Rule 4, Ala. RApp. P. Section 6-6-15 provides:
 

 “ ‘Either party may appeal from an. award under this division. Notice of the appeal to the appropriate appellate court shall be filed
 
 within 10 days
 
 after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending or, if no action is pending, then in the office of the clerk or register of the circuit court of the county where the award is made. The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgment of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement [sic] from which an appeal shall lie as in other cases.’
 

 “(Emphasis added.) Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part:
 

 “ ‘Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from .... ’
 

 “H & S Homes and Horton Homes filed their separate notices of appeal on
 
 *146
 
 August 17, 2007, 42 days after the arbitrator entered his award in favor of Shaner, but presumably not within 10 days after they received notice of that award. It is apparent from the citations to
 
 Birmingham News Co. v. Horn,
 
 901 So.2d 27 (Ala.2004), and
 
 Sanderson Group, Inc. v. Smith,
 
 809 So.2d 823 (Ala.Civ.App.2001), in the statements of jurisdiction in their respective briefs that H & S Homes and Horton Homes timed the filing of their notices of appeals on the belief that § 6-6-15, Ala. Code 1975, was modified by Rule 4, Ala.R.App. P., to allow 42 days for filing an appeal from an arbitration award. See
 
 Sanderson Group,
 
 809 So.2d at 827 (‘Although § 6-6-15 requires that an appeal be taken within 10 days, Rule 4 expanded that period to 42 days.’). In
 
 Birmingham News,
 
 this Court discussed, but did not explicitly affirm, the Court of Civil Appeals’ analysis of § 6-6-15 and Rule 4 in
 
 Sanderson Group,
 
 stating:
 

 “ ‘In that case, the Court of Civil Appeals considered the timeliness of an appeal from an arbitration award that had been filed within 42 days of the entry of the final judgment on the award but not within 10 days of the entry of the final judgment. The Court of Civil Appeals determined that the effect of the 42-day appeal period allowed by Rule 4, Ala. R.App. P., was to expand the 10-day period specified under § 6-6-15, so that the appeal in that case was timely filed.’
 

 “901 So.2d at 41. However, we also stated in
 
 Birmingham News
 
 that ‘[w]e note further that Appendix II (“Statutes and Rules Superseded”) and Appendix III (“Statutes Modified”) to the Rules of Appellate Procedure do not list § 6-6-15 as among those statutes which have been superseded or modified by those rules.’ 901 So.2d at 42. This statement was misleading, however, as Appendix III (‘Statutes Modified’) does include the predecessor to § 6-6-15 — Tit. 7, § 843, Code of Ala.1940 — as being among those statutes that
 
 were
 
 modified by Rule 4(a) to expand the time for taking an appeal from 10 to 42 days. Nevertheless, based at least in part on
 
 Birmingham News,
 
 the Court of Civil Appeals subsequently issued an opinion holding that an appeal of an arbitration award was
 
 untimely
 
 if the notice of appeal was not filed within the 10-day period specified by § 6-6-15:
 

 “ ‘The arbitrator dismissed [the appellant’s] claim, with prejudice, on February 22, 2006. Pursuant to § 6-6-15, [the appellant] had 10 days after receiving notice of the arbitrator’s award dismissing the claim in which to file his appeal. Although the record on appeal does not indicate when [the appellant] received notice of the arbitrator’s award, he had to have received notice no later than March 6, 2006, the date [the appellant] filed a motion challenging that award. [The appellant] did not file his notice of appeal until August 7, 2006, well after the expiration of the 10-day period specified under § 6-6-15 for filing an appeal from an arbitrator’s award. Therefore, pursuant to the plain language of § 6-6-15, [the appellant’s] appeal is untimely.
 

 “ ‘We recognize that Rule 4(a)(1), Ala. R.App. P., provides:
 

 “ ‘ “Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from ....”
 

 
 *147
 
 “ ‘In
 
 Birmingham News Co. v. Horn,
 
 901 So.2d 27, 42 (Ala.2004), our supreme court noted that “Appendix II (‘Statutes and Rules Superseded’) and Appendix III (‘Statutes Modified’) to the Rules of Appellate Procedure do not list § 6-6-15 as among those statutes which have been superseded or modified by those rules.” The Supreme Court in
 
 Horn
 
 did not conclude that Rule 4(a)(1) extended from 10 days to 42 days the period for filing an appeal from an arbitration award under § 6-6-15. However, even if Rule 4(a)(1) does extend the period for filing such an appeal, we note that [the appellant] failed to file his appeal within 42 days of his receiving notice of the arbitrator’s award.
 

 “ ‘Because [the appellant] did not timely file his appeal pursuant to the filing requirements of § 6-6-15, we dismiss the appeal.’
 

 “Chambers v. Courtesy Pontiac-GMC Trucks, Inc.,
 
 969 So.2d 167, 168-69 (Ala. Civ.App.2007).
 

 “To eliminate any confusion, we now explicitly recognize that Rule 4 does operate to expand the statutory time period for taking an appeal of an arbitrator’s award from 10 days from the date of receipt of notice of the award to 42 days from that date. To the extent
 
 Chambers
 
 holds otherwise, it is overruled. Likewise, any contrary dicta in
 
 Birmingham Neivs
 
 concerning the time period in which to appeal a judgment entered on an arbitration award is overruled. The appeals of H & S Homes and Horton Homes are indeed timely.”
 

 Shaner,
 
 999 So.2d at 464-66.
 

 Following its discussion of the timeliness of the notices of appeal, the supreme court set upon the task of clarifying the procedure for appealing an arbitration decision, writing:
 

 “The judgment entered by the circuit clerk on the arbitrator’s award pursuant to § 6-6-15 is a
 
 conditional
 
 one; it does not become a final appealable judgment until the circuit court has had an opportunity to consider a motion to vacate filed by a party seeking review of the arbitration award. A party seeking review of an arbitration award is
 
 required
 
 to file a motion to vacate during this period — while the judgment entered by the circuit clerk remains conditional — in order to preserve its ability to later prosecute that appeal to an appellate court once the judgment becomes final. This is so not only because § 6-6-15 contemplates a party’s first seeking relief from an award in the circuit court, but also because ‘[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered.’
 
 Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 165 (Ala.2005).
 

 “Section 6-6-15 provides that the judgment entered by the circuit clerk is to remain conditional for only 10 days, after which it ‘shall become final’ unless it has been, during that 10-day period, set aside by the circuit court. However, this short time span — 10 days — is impractical in application and not consistent with the Alabama Rules of Civil Procedure that govern postjudgment motions. It is unreasonable to expect a party to file a motion to vacate, the opposing party to respond, and the circuit coui't to then thoughtfully consider their arguments all within a 10-day period. Accordingly, we modify that time-line established in § 6-6-15 as follows to make it consistent with the Alabama Rules of Civil Procedure and to allow for a more meaningful review by the trial court.
 

 “Rule 59(e), Ala. R. Civ. P., provides that a party has 30 days after the entry
 
 *148
 
 of judgment to file a motion to alter, amend, or vacate that judgment. Accordingly, borrowing from the spirit of Rule 59(e), we hold that a party desiring judicial review of an arbitration award pursuant to § 6-6-15 must file in the appropriate circuit court a motion to alter, amend, vacate, or set aside the award within 30 days of filing the notice of appeal of the arbitration award and the clerk’s entry of the conditional judgment based thereon. If that motion is timely filed, the circuit court shall then have
 
 90 days,
 
 unless that time is extended by the consent of all the parties, to dispose of the motion. See Ala. R. Civ. P. 59.1 (‘A failure by the trial court to dispose of any pending post-judgment motion within [90 days], or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.’).
 

 “If the circuit court grants the motion to vacate during this 90-day period, then the nonmovant has 42 days from the order granting the motion in which to file in the circuit court a notice of appeal of the court’s judgment. If the circuit court denies the motion to vacate within 90 days or allows the motion to be denied by inaction after 90 days, then the conditional judgment entered by the circuit clerk becomes final, and the appeal is processed based on the prior notice of appeal.”
 

 Id.
 
 at 467-68 (footnotes omitted). Because the law had been unclear regarding the proper manner in which to appeal an arbitration award, the supreme court determined that it would be unjust to deny H & S Homes and Horton Homes relief on appeal on the basis that they did not file a motion to vacate the award in the trial court. As a result, the supreme court reversed the trial court’s judgment and remanded the cause to the trial court to allow H & S Homes and Horton Homes to file motions to vacate the arbitration award within 30 days of the date of the supreme court’s opinion. The supreme court ordered that
 

 “[i]f, within the following 90 days, the circuit court denies those motions or otherwise allows the conditional judgment entered by the circuit clerk to become final by default, H & S Homes and Horton Homes may engage in further appellate proceedings that permit us to review the circuit court’s action with new briefs and a record that includes grounds asserted in any subsequently filed motions to vacate.”
 

 Id.
 
 at 468-69 (footnote omitted).
 

 Following the June 20, 2008, release of the opinion in
 
 Shaner,
 
 our supreme court adopted Rule 71B, Ala. R. Civ. P., which sets forth the following procedure for appealing an arbitration award:
 

 “(a) Who may appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.
 

 “(b) When filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.
 

 “(c) Where filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
 

 “(d) What filed. With the notice of appeal, the appellant shall file a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators, along with the submission to the arbitrator or arbitrators and any supporting documents or record of the
 
 *149
 
 proceedings, if available. If no record is available, the appellant shall so state. If a record is to be prepared but is not completed within the time provided in paragraph (b) of this rule, the appellant shall so state in the notice of appeal and shall file the record within thirty (30) days after the filing of the notice of appeal, unless the court for good cause shown shall allow additional time.
 

 “(e) How served. If the arbitration arose out of a pending action, service shall be made as provided in Rule 5[, Ala. R. Civ. P.]. If there is no action pending, service shall be made as provided in Rules 4 through 4.4[, Ala. R. Civ. P.,] and upon any counsel who appeared in the arbitration for the party being served.
 

 “(f) Procedure after filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, [Ala. R. Civ. P.,] a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.
 

 “(g) Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama Rules of Appellate Procedure.”
 

 Rule 71B became effective on February 1, 2009. Except that Rule 71B requires a notice of appeal from an arbitration decision to be filed within 30 days after the service of notice of the arbitration award, rather than 42 days after receipt of the notice of the award, the procedure set forth in Rule 71B is virtually identical to the procedure set forth in
 
 Shaner.
 

 On June 17, 2008, when Hurst and Diller filed their notice of appeal from the arbitrator’s award, they did not have the benefit of the clarification of the proper procedure for appealing an arbitration award set out in
 
 Shaner,
 
 nor did they have the benefit of the declaration of the procedural framework applicable to such appeals set out in Rule 71B. Instead, they were faced with a confusing array of conflicting statutes, rules, and judicial opinions. The supreme court did not release
 
 Shaner
 
 until three days after Hurst and Diller filed their notice of appeal. Although it is true that the trial court did not enter a final judgment until June 26, 2008, six days after the release of
 
 Shaner,
 
 it is clear that the parties and the trial court acted without knowledge of the clarification of the law set out in
 
 Shaner,
 
 particularly given their treatment of the trial court’s June 26, 2008, judgment as a final judgment disposing of the case, ending the trial court’s jurisdiction, and quickening the notice of appeal to this court.
 

 Because of the confusing state of the law with regard to appealing arbitration awards before the release of
 
 Shaner,
 
 and given the timing of the release of
 
 Shaner
 
 compared with the procedural history of this case, we conclude that it would be unjust to hold that Hurst and Diller have waived their arguments on appeal by having failed to raise those arguments in the trial court in a Rule 59(e), Ala. R. Civ. P., motion. At the same time, however, we are committed to the rule of appellate law that “ ‘[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered.’ ”
 
 Shaner,
 
 
 *150
 
 999 So.2d at 467 (quoting
 
 Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 165 (Ala.2005)). As a result, and in keeping with the outcome of
 
 Shaner
 
 and the outcomes of cases that have followed
 
 Shaner (see, e.g., Ace Title Loan, Inc. v. Crump,
 
 14 So.3d 94 (Ala.2009);
 
 Credigy Receivable, Inc. v. Day,
 
 3 So.3d 206 (Ala.Civ.App.2008)), we conclude that the appropriate disposition of this appeal is a reversal of the trial court’s final judgment and a remand of the case to that court for the application of the procedural rules set forth in Rule 71B, Ala. R. Civ. P.
 
 [2]
 
 Specifically, on remand, the trial court should enter a conditional judgment on the arbitration award. Within 30 days of the entry of that order, Hurst and Diller should file with the trial court a motion to vacate the arbitration award pursuant to Rule 59(e), Ala. R. Civ. P. If, within 90 days following the filing of that motion, the trial court denies that motion, or if the trial court allows that 90-day period, or any extension thereof,
 
 see
 
 Rule 59.1, Ala. R. Civ. P., to expire without taking action on their motion, the conditional judgment will become a final judgment subject to further appellate proceedings by Hurst and Dil-ler.
 
 [3]
 

 During the pendency of this appeal, Eagles Landing filed a motion with this court to strike the statement of facts contained in Hurst and Diller’s principal brief. It argues that their statement of facts contains information not included in the record on appeal. Because this court, in resolving this appeal, did not rely on those portions of the statement of facts that Eagles Landing contends were improperly included in Hurst and Diller’s brief, its motion to dismiss is due to be denied as moot. Thus, Eagle Landing’s motion to strike is denied.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Although Hurst does not appear to have been a party to the lease agreement, the record does not reflect that he argued to the trial court, and he does not argue on appeal, that he was not subject to the arbitration provisions contained in the lease agreement.
 

 [2]
 

 . We note Eagles Landing’s argument that Hurst and Diller’s notice of appeal was untimely because they did not file it within 10 days of the date by which the parties were notified of the arbitration award, as required by § 6-6-15, Ala.Code 1975. It contends that, because
 
 Shaner
 
 was released three days after they filed their notice of appeal, the holding in
 
 Shaner
 
 that Rule 4, Ala. R.App. P., extends to 42 days the deadline for filing a notice of appeal from an arbitration award does not apply in this case. We disagree.
 

 Before
 
 Shaner,
 
 there was a significant conflict over whether the 42-day filing deadline in Rule 4, Ala. R.App. P., superseded the 10-day filing deadline in § 6-6-15, Ala.Code 1975; tire idea that a 10-day filing deadline was applicable was not a settled principle.
 
 Compare Sanderson Group, Inc. v. Smith,
 
 809 So.2d 823, 827 (Ala.Civ.App.2001) ("Although § 6-6-15 requires that an appeal be taken within 10 days, Rule 4 expanded that period to 42 days.”),
 
 with Chambers v. Courtesy Pontiac-GMC Trucks, Inc.,
 
 969 So.2d 167, 169 (Ala.Civ.App.2007) (“Because [the appellant] did not timely file his appeal pursuant to the filing requirements of § 6-6-15, we dismiss the appeal.”).
 
 Shaner
 
 merely clarified the law in this regard. Thus, we are bound by
 
 Shaner
 
 to conclude that a 42-day filing deadline applied to Hurst and Diller's notice of appeal from the arbitration award, there being no contrary rule that was indisputably applicable at the time of its filing.
 

 Separately, we note that the record does not disclose when Hurst and Diller received notice of the arbitration award. Instead, it discloses only that the notice was mailed to them on May 2, 2008, and that they filed their notice of appeal on June 17, 2008, 46 days after the notice of the award was mailed. Any issue relating to whether Hurst and Diller timely filed their notice of appeal within 42 days of their receipt of notice of the arbitration award should be resolved on remand.
 

 [3]
 

 . Because we resolve the appeal in this manner, we need not address the parties’ additional appellate arguments.