BRYAN, Judge.
 

 Deborah Brady appeals from an arbitration award in favor of Roebuck Honda. We transfer the appeal to the Jefferson Circuit Court.
 

 In July 2004, Brady sued Roebuck Honda and Honda Corporation in the circuit court, alleging negligence, wantonness, and claims under the Alabama Extended Manufacturer’s Liability Doctrine. In her complaint, Brady alleged that she had been injured in an accident when the brakes of her Honda Accord automobile had failed while she was driving it. In November 2004, Roebuck Honda filed a motion to compel arbitration, and the circuit court granted that motion in February 2005. Also in February 2005, Honda Corporation was dismissed from the action pursuant to a settlement agreement.
 

 On August 28, 2009, the arbitrator rendered an award in favor of Roebuck Honda. Although it is unclear, the record on appeal suggests that Brady received notice of the arbitration award on September 9, 2009. Thirty days later, on October 9, 2009, Brady, acting pro se, filed in the circuit court a notice of appeal to this court from the arbitration award. Brady also filed a copy of the arbitration award with
 
 *1268
 
 her notice of appeal. There is no indication in the record that the circuit clerk entered the arbitration award as the final judgment of the circuit court. The appeal proceeded in this court. Because this court determined that it lacked jurisdiction under § 12-3-10, Ala.Code 1975, which defines the appellate jurisdiction of this court, it transferred the appeal to the supreme court. The supreme court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Initially, we address whether Brady followed the proper procedure by filing her notice of appeal to this court. Rule 71B, Ala. R. Civ. P., which became effective February 1, 2009, establishes the procedure for appealing the arbitration award in this case. Rule 71B “supersedes the procedure set out in § 6 — 6—15[, Ala.Code 1975].”
 
 Parham v. American Bankers Ins. Co. of Florida,
 
 24 So.3d 1102, 1104 n. 2 (Ala.2009);
 
 see also
 
 Committee Comments to Rule 71B Effective February 1, 2009 (“[Rule 71B] clarifies the method for taking an appeal from an arbitration award and supersedes the procedure provided by Ala.Code 1975, § 6-6-15.”).
 

 Section § 6-6-15 provides, in pertinent part:
 

 “Either party may appeal from an award under this division. Notice of the appeal
 
 to the appropriate appellate court
 
 shall be filed within 10 days
 
 [1]
 
 after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action is pending....”
 

 (Emphasis added.) In
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462 (Ala.2008), our supreme court clarified and modified the procedure for appealing an arbitration award under § 6-6-15, Ala.Code 1975. However,
 
 Horion Homes
 
 did not modify the requirement under § 6-6-15 that a party seeking to challenge an arbitration award initiate that challenge by filing, in the circuit court, a notice of appeal to the “appropriate appellate court.” Pursuant to the procedure set out in
 
 Horton Homes,
 
 the clerk of the circuit court then entered the arbitration award as the “conditional” judgment of the circuit court. 999 So.2d at 467. The party challenging the award was then required to “file in the appropriate circuit court a [Rule 59(e), Ala. R. Civ. P.,] motion to alter, amend, vacate, or set aside the award within 30 days of filing the notice of appeal of the arbitration award and the clerk’s entry of the conditional judgment based thereon.”
 
 Id.
 
 at 468. If the circuit court denied that Rule 59(e) motion or it was denied by operation of law,
 
 see
 
 Rule 59.1, Ala. R. Civ. P., the conditional judgment became final, and the appeal was “processed based on the prior notice of appeal” that had been filed to the appropriate appellate court.
 
 Id.
 

 As noted, this case is governed by the procedure established by Rule 71B, which supersedes the procedure established by § 6-6-15, which
 
 Horton Homes
 
 clarified and modified. Rule 71B provides:
 

 “(a) Who may appeal. Any party to an arbitration may file a notice of appeal from the award entered as a result of the arbitration.
 

 “(b) When filed. The notice of appeal shall be filed within thirty (30) days after service of notice of the arbitration
 
 *1269
 
 award. Failure to file within thirty (30) days shall constitute a waiver of the right to review.
 

 “(c) Where filed. The notice of appeal shall be filed with the clerk of the circuit court where the action underlying the arbitration is pending or if no action is pending in the circuit court, then in the office of the clerk of the circuit court of the county where the award is made.
 

 “(d) What filed. With the notice of appeal, the appellant shall file a copy of the award, signed by the arbitrator, if there is only one, or by a majority of the arbitrators, along with the submission to the arbitrator or arbitrators and any supporting documents or record of the proceedings, if available. If no record is available, the appellant shall so state. If a record is to be prepared but is not completed within the time provided in paragraph (b) of this rule, the appellant shall so state in the notice of appeal and shall file the record within thirty (30) days after the filing of the notice of appeal, unless the court for good cause shown shall allow additional time.
 

 “(e) How served. If the arbitration arose out of a pending action, service shall be made as provided in Rule 5[, Ala. R. Civ. P.]. If there is no action pending, service shall be made as provided in Rules 4 through 4.4[, Ala. R. Civ. P.,] and upon any counsel who appeared in the arbitration for the party being served.
 

 “(f) Procedure after filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, [Ala. R. Civ. P., ] a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.
 

 “(g) Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, [Ala. R. Civ. P.].”
 

 Rule 71B(c) provides that “[t]he notice of appeal shall be filed with the clerk of the circuit court,” but the text of that rule does not explicitly state to which court the appeal is filed. However, the Committee Comments to Rule 71B Effective February 1, 2009, provide, in pertinent part:
 

 “In his concurring opinion in
 
 Birmingham News Co. v. Horn,
 
 901 So.2d 27, 74 (Ala.2004), Justice Lyons invited the Standing Advisory Committee on the Rules of Appellate Procedure ‘(a) to establish an easily understood triggering date for the time for taking an appeal from an arbitrator’s award and, should the proposed revision conflict with [Ala. Code 1975,] § 6-6-15, to recommend the abrogation of § 6-6-15, and (b) to recognize the availability of an independent action in the circuit court from which an appeal would lie as in other cases.’ The Court provided further guidance in
 
 Horton Homes
 
 .... The Standing Advisory Committees on the Rules of Appellate Procedure and the Rules of Civil Procedure collaborated in response to those cases. The resulting rule clarifies the method for taking an appeal from an
 
 *1270
 
 arbitration award and supersedes the procedure provided by Ala.Code 1975, § 6-6-15. Pursuant to this rule, the aggrieved party has no right to appellate review of an arbitration award unless that party
 
 has appealed to the circuit court from the arbitration award
 
 within 30 days of service of the notice of the award
 
 and
 
 has timely filed a Rule 59 motion to set aside or vacate the judgment on the arbitration award as described above.”
 

 (Initial emphasis added.)
 

 Based on the foregoing, we conclude that Rule 71B requires a party seeking to challenge an arbitration award to file an initial notice of appeal
 
 to the appropriate circuit court.
 
 The aggrieved party must file such an appeal and file a Rule 59 motion to set aside or vacate the judgment entered by the circuit clerk on the arbitration award to preserve a
 
 subsequent appeal to this court or the supreme court.
 
 Rule 71B(g) indicates that, to attain appellate review by this court or the supreme court, an aggrieved party must file a second notice of appeal in addition to the initial notice of appeal filed to the circuit court. Rule 71B(g) states: “Appellate review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, [Ala. R.App. P.].” Therefore, unlike the prior procedure governing an appeal from an arbitration award, Rule 71B establishes a procedure in which a party challenging an award must file two notices of appeal to attain review by this court or the supreme court. The first notice of appeal is filed to the appropriate circuit court, and, if the aggrieved party’s required Rule 59 motion is subsequently denied, the second notice of appeal, from the denial of the Rule 59 motion, is filed to the appropriate appellate court.
 
 [2]
 

 We recognize that in
 
 Hurst v. Eagles Landing IV, Ltd.,
 
 20 So.3d 143, 149 (Ala.Civ.App.2009), this court, in dicta, stated:
 

 “Except that Rule 71B requires a notice of appeal from an arbitration decision to be filed within 30 days after the service of notice of the arbitration award, rather than 42 days after receipt of the notice of the award, the procedure set forth in Rule 71B is virtually identical to the procedure set forth in
 
 [.Horton Homes
 
 ].”
 

 However, our decision today concludes that there are additional differences between the procedure established by Rule 71B and the procedure found in
 
 Horton Homes.
 
 Thus, we overrule any contrary dicta in
 
 Hurst
 
 to the extent that it may be read as conflicting with this opinion.
 

 In this case, Brady filed her notice of appeal from the arbitration award to this court. However, based on our decision today, we conclude that Brady should have filed her notice of appeal to the circuit court, pursuant to Rule 71B.
 
 [3]
 
 Therefore, this court lacks appellate jurisdiction
 
 *1271
 
 to hear Brady’s appeal. Accordingly, we transfer the appeal to the circuit court for disposition of the appeal under Rule 71B.
 
 See, e.g., Food World v. Carey,
 
 980 So.2d 404 (Ala.Civ.App.2007) (transferring to a circuit court an appeal from a district court’s denial of a Rule 60(b), Ala. R. Civ. P., motion when the appeal should have been brought in the circuit court).
 

 APPEAL TRANSFERRED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 1. In
 
 Horton Hornes, Inc. v. Shaner,
 
 999 So.2d 462, 466 (Ala.2008) our supreme court concluded that "Rule 4[, Ala. R. Civ. P.,] ... operate[d] to expand the statutory time period for taking an appeal of an arbitrator's award from 10 days from the date of receipt of notice of the award to 42 days from that date.”
 

 [2]
 

 . If the circuit court grants the Rule 59 motion filed by the party challenging the arbitration award, the nonmovant could then file a notice of appeal from the grant of that motion to the appropriate appellate court. Rule 71B(g).
 

 [3]
 

 . Brady’s filing her notice of appeal to the wrong court is understandable considering the lack of clarity in the text of Rule 7IB concerning the proper court to which an aggrieved party should file its appeal from an arbitration award; the longstanding pre-Rule 71B procedure calling for an appeal from an arbitration award to be made "to the appropriate appellate court,”
 
 i.e.,
 
 this court or the supreme court,
 
 see
 
 § 6-6-15 and
 
 Horton
 
 
 *1271
 
 Homes;
 
 and this court's decision in
 
 Hurst
 
 implying that an appeal challenging the arbitration award under Rule 71B should be filed initially to the appropriate appellate court, instead of to the appropriate circuit court.