STUART, Justice.
 

 William D. Smallwood, Sr., and various other individuals and business entities that contracted with Holiday Development, LLC, to purchase units in its planned San Carlos condominium development in Gulf Shores (these individuals and business entities are hereinafter referred to as “the purchasers”) united to sue Holiday Development and Seaside Title, LLC, the escrow agent holding their deposits, in the Baldwin Circuit Court, alleging breach of contract and fraud, and seeking a restraining order prohibiting Seaside Title from releasing their escrow funds to Holiday Development because, the purchasers alleged, the construction of San Carlos was not of the promised quality.
 

 On the motion of Holiday Development, the trial court compelled arbitration pursuant to arbitration provisions in the contracts signed by each of the purchasers. However, approximately two years after the case had been referred to arbitration, the arbitrator dismissed the arbitration proceedings because Holiday Development had failed to pay its share of the arbitration fees and had stated that it would not pay those fees because it was financially unable to do so. At some point during the two-year period the parties were in arbitration, Seaside Title released the purchasers’ escrow funds either to Holiday Development or directly to Holiday Development’s creditors.
 

 After the arbitrator dismissed the arbitration proceedings, the purchasers filed an amended complaint and a motion for a default judgment in the trial court. Holiday Development opposed the motion for a default judgment and argued to the trial court that the court was required by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), to enforce the order entered by the arbitrator and to enter an order of dismissal exactly as the arbitrator had done. On April 24, 2009, the trial court granted Holiday Development’s request and dismissed the case. It subsequently modified its order to clarify that the claims the purchasers had asserted against Seaside Title were also dismissed.
 
 *720
 
 The purchasers appeal; we reverse and remand.
 

 From the record before us, it appears that the trial court dismissed the purchasers’ claims against Holiday Development and Seaside Title because it understood that that was what it was required to do pursuant to the FAA. Such an understanding was likely based on statements made by this Court indicating that courts must enforce awards made in arbitration unless the aggrieved party properly establishes that the award should be vacated based upon one of the following grounds enumerated in § 10(a) of the FAA:
 

 “1) where the award was procured by corruption, fraud, or undue means;
 

 “2) where there was evident partiality or corruption in the arbitrators, or either of them;
 

 “3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
 

 “4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.”
 

 See
 
 Hereford v. D.R. Horton, Inc.,
 
 13 So.3d 375, 381 (Ala.2009) (“[Because [the appellant] has not argued that this Court should vacate the decision of the arbitrator on any of the grounds specified in § 10(a) of the [FAA], she has not demonstrated that she is entitled to relief from the trial court’s decision confirming the arbitrator’s decision.”);
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 467 n. 2 (Ala.2008) (“We reiterate that a party desiring judicial review of an arbitration award in a proceeding subject to the [FAA] is limited to arguments based on those grounds enumerated in 9 U.S.C. § 10, which encompasses the grounds of review listed in § 6-6-14, Ala.Code 1975.”); and
 
 Hall Street Assocs., L.L.C. v. Mattel, Inc.,
 
 552 U.S. 576, 582, 128 S.Ct. 1396, 1402, 170 L.Ed.2d 254 (2008) (“Under the terms of § 9 [of the FAA], a court ‘must’ confirm an arbitration award ‘unless’ it is vacated, modified, or corrected ‘as prescribed’ in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one.”). See also Rule 71B, Ala. R. Civ. P. (outlining the procedure for seeking the review of an arbitration award).
 

 Collectively, the above authority stands for the principle that courts are required to confirm and give effect to an arbitrator’s decision unless one of the grounds enumerated in § 10 of the FAA has been established. In the present case, the arbitrator entered two orders articulating its decision and the rationale underlying it. On January 28, 2009, the arbitrator entered an order making the following findings and order:
 

 “1. Holiday Development, LLC, is in breach of the arbitration agreements between Holiday and the [purchasers]. It is undisputed that Holiday has failed to pay the deposit for arbitrator compensation (‘Deposit’) required by the American Arbitration Association pursuant to the Construction Industry Dispute Resolution Procedures. Through counsel, Holiday has indicated that it cannot pay the Deposit. Failure to pay is a material breach of the arbitration agreements between the [purchasers] and Holiday. “2. At the hearing, counsel for Seaside [Title, LLC,] indicated that his client may be willing to post the Deposit owed by Holiday. It is ordered that Seaside shall have until February 11, 2009, to pay this Deposit on behalf of Holiday.
 
 *721
 
 If the Deposit is paid, then this matter will be scheduled for a hearing as soon as possible.
 

 “3. In the event Seaside does not pay the Deposit on or before February 11, 2009, this case shall automatically be remanded to the Baldwin County Circuit Court of the State of Alabama for further proceedings.
 

 “4. [The purchasers’] request for a default judgment is denied. The Arbitrator does not have the legal authority to enter a default in this matter due to the failure of Holiday to pay the Deposit. “5. In the event of the remand noted in Paragraph 3, then this arbitration will be closed. The Arbitrator’s fees and expenses in this matter total $1,900.00. Fifty percent (50%) of these fees and expenses or $950.00 shall be paid from the deposit made by the [purchasers] with the AAA [American Arbitration Association] and fifty percent (50%) or $950.00 shall be paid from the deposits made by Seaside Title[, LLC,] with the AAA. The [purchasers] and Seaside shall have the right to recover all of these funds from Holiday in the circuit court action. Holiday is hable for such costs. The unused balance of the arbitrator compensation deposits paid by the [purchasers] and Seaside shall be refunded to them.”
 

 On March 27, 2009, the arbitrator entered a “final order” stating:
 

 “On January 28, 2009, I ordered that this matter shall be remanded to [the] Baldwin County Circuit Court of the State of Alabama for further proceedings in the event Seaside Title[, LLC,] did not post the portion of the Deposit owed by Holiday Development, LLC, in this matter. According to the records of the American Arbitration Association, no payment has been received. Therefore, this arbitration proceeding is dismissed without prejudice and this case is remanded to the Baldwin County Circuit Court for the State of Alabama for further proceedings.”
 

 It is evident from these two orders that the arbitrator’s intent was to terminate the arbitration proceedings based on Holiday Development’s failure to pay its share of the arbitration fees and to “remand” the case to the Baldwin Circuit Court for the purchasers to prosecute their claims there.
 

 The trial court was required by the FAA to give effect to the arbitrator’s decision. It appears that the trial court was cognizant of that fact, and it attempted to do so by entering an order granting Holiday Development’s “motion to enforce the final order of the arbitrator” and seeking dismissal of the case. However, although the trial court was correct that the arbitrator’s order should be enforced, it erred in concluding that it could do so by simply repeating the action taken by the arbitrator and dismissing the case. The proper way for the trial court to give effect to the order of the arbitrator would have been to schedule the “further proceedings” necessary for the purchasers to pursue their claims against Holiday Development and Seaside Title. Accordingly, the trial court’s order dismissing the purchasers’ claims is reversed and the cause is remanded for further proceedings to give the purchasers an opportunity to prove their claims against Holiday Development and Seaside Title.
 
 [1]
 

 
 *722
 
 1081144 — REVERSED AND REMANDED.
 

 1081146 — REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . This holding is consistent with our caselaw indicating that, even though two parties may have contractually agreed to arbitrate any disputes that arise between them, such disputes may nevertheless be resolved in the court system if either party waives its right to compel the other to arbitrate its claims. As we explained in
 
 Companion Life Insurance Co. v. Whitesell Manufacturing, Inc.,
 
 670 So.2d 897, 899 (Ala. 1995):
 

 
 *722
 
 "It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks of an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case.”
 

 In the present case, Holiday Development was expressly told that if it did not pay its share of the arbitration fees its case would be "remanded” to the Baldwin Circuit Court for further proceedings. With that knowledge, Holiday Development elected not to pay those fees. It is hard to imagine more clear evidence of an intent to abandon the arbitration process.